**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DONALDSON TWYMAN,<br>Plaintiff,<br><br>v.<br><br>S&M AUTO BROKERS, INC., SAED IHMOUD and MOHAMMED IHMOUD,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br>No. 16-cv-04182<br><br>Honorable Virginia Kendall<br><br>Magistrate Judge Sheila Finnegan |

# MOTION TO COMPEL

Plaintiff, DONALDSON TWYMAN, moves this Honorable Court pursuant to Rules 37 and 33 of the Federal Rules of Civil Procedure, to compel Defendants to provide sworn answers to Plaintiff's interrogatories as required by Rule 33. In support of this motion, Plaintiff states:

1. Defendants answered Plaintiff's interrogatories with unsworn answers signed only by counsel (Exhibit A).

2. Defendant has refused to provide sworn answers as required by Rule 33.

3. The parties counsel have attempted to work out this dispute but have been unable to do so. Plaintiff's counsel provided Defense Counsel with the case law showing that the sworn answers are required, but Defense counsel has taken the position that such law has been overturned. He has not provided any authority for that position.

4. The case law and the express wording of Rule 33 require answers sworn by the parties providing the answers. *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 211 (N.D. Ill. 2010); *Cusic v. Glass Mountain Capital LLC*, No. 12 C 6200, 2013 WL 10209048, at *3 (N.D. Ill. June 26, 2013).

5. Accordingly, Defendants should be compelled to provide the required sworn answers and to pay the fees and costs associated with this Motion.

6. The parties could not work out their differences pursuant to a local Rule 37.2 meet and confer and, therefore, Plaintiff is pursuing this motion to compel.

WHEREFORE Plaintiff, DONALDSON TWYMAN, requests entry of an order compelling Defendants to provide sworn interrogatory answers and for award of costs and fees associated with bringing this Motion.

DONALDSON TWYMAN

By: /s/ Peter Lubin
One of his attorneys

Peter S. Lubin
Andrew C. Murphy
DITOMMASO ♦ LUBIN, P.C.
17 W 220 22nd Street – Suite 410
Oakbrook Terrace, IL 60181
(630) 333-0000
psl@ditommasolaw.com
acm@ditommasolaw.com

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| DONALDSON TWYMAN, | ) | |
| Plaintiff, | ) | |
| | ) | No. 16-cv-04182 |
| v. | ) | Honorable Virginia Kendall |
| | ) | |
| S&M AUTO BROKERS, INC., SAED | ) | Magistrate Judge Sheila Finnegan |
| IHMOUD and MOHAMMED IHMOUD, | ) | |
| Defendants. | ) | |

**ANSWERS TO**
**INTERROGATORIES TO DEFENDANTS S&M AUTO BROKERS, INC.,**
**SAED IHMOUDAND MOHAMMED IHMOUD**

Defendants, through their attorneys and pursuant to Ru1es 26 and 33, answers the interrogatories propounded by Plaintiff as follows:

1. Identify the persons with knowledge of the allegations in the Complaint and Defendant's Answer and Defenses, and as to each such person, state the subject matter of his/her/its knowledge.
ANSWER:
Mohammed Ihmoud and Diah Alqam. Diah Alqam will have knowledge of the entire transaction when the Plaintiff purchased the vehicle and Mohammed Ihmoud will have knowledge of the interactions with Plaintiff on the telephone after the purchase of the vehicle by Plaintiff.

2. Identify all online advertisements for the subject vehicle and for each such advertisement state the website or websites where such advertisement appeared.
ANSWER:
www.sandmauto.com. Also, other independent websites will use our advertisements for vehicles on our website on their websites. We have no control over whether or not they put a particular vehicle on their site.

3. Identify all repairs, inspections, and services provided or performed by or for you or by your agents or employees upon the subject vehicle, including but not limited to: the date of such action; a description of the problem or diagnosis; what parts and or service was required to fix the problem; the name of the mechanic, technician or other person who performed the inspection and/or repairs, supervised same or has knowledge thereof; all documents relating to such repairs, inspections and services.
ANSWER:
None.

4. Identify all used vehicle inspection procedures in place at S&M Auto Brokers, Inc. during the purchase of the subject vehicle from the Defendants to Plaintiff including but not limited to all inspection procedures for vehicles before and at the time of purchase by Defendants, while the vehicle is under the control of Defendants, and before the sale of a vehicle to a customer.

ANSWER:

We observe anything said about the vehicle when it is sold at the auction, and then we run a AutoCheck Vehicle History Report (AutoCheck is a division of Experian) on the vehicle.

5. Identify all warranty claims made for the subject vehicle, including but not limited to the nature of the warranty repair, any cost for the repair, the party responsible for the payment of the repair cost, and the mileage on the subject vehicle during the repair.

ANSWER:

See the National Service History disclosed in our Rule 26(a) disclosures.

6. Identify the persons who, on Defendant's behalf, were involved in the sale or purchase of the subject vehicle, or who executed the contracts and/or other documents with the Plaintiff and/or any third parties, for the purchase or sale of the subject vehicle at any time, including but not limited to your initial purchase of the subject vehicle and the subsequent sale of the subject vehicle to Plaintiff.

ANSWER:

Yousef Ihmoud purchased the vehicle on behalf of S&M Auto, and Diah Alqam sold the vehicle to the Plaintiff on behalf of S&M Auto.

7. Describe the condition of the subject vehicle at all times while in Defendants possession or control or when inspected by Defendants' or their agents or employees, including· but not limited to the mechanical, body or frame condition and fit and finish or quality of the paint.

ANSWER:

The vehicle was in the same condition from the time it was purchased at the auction until it was sold to the Plaintiff, except that the vehicle was washed and the interior was cleaned.

8. Identify the methods Defendants use in order to verify the mileage for used vehicles being sold to consumers by the Defendants, including but not limited to the steps taken to verify the mileage for used vehicles and any sources (service records, car fax, auto check, vehicle registration, etc.) used by Defendants to confirm the accuracy of the mileage.

ANSWER:

We look at the mileage disclosed by the auction, look at the mileage the vehicle odometer shows, and when we run the AutoCheck report we look for any indication that the mileage that the auction disclosed, or that is on the vehicle, may be incorrect.

9. Has any person, corporation or other entity ever claimed or alleged that one or more of the Defendants or any of their agents or employees provided false or inaccurate information regarding the sale of a vehicle or that they failed to truthfully disclose or represent the quality, condition, or mileage of a vehicle? If so, list the name and address of each and every person or entity who made the claim; the date the claim was made; the nature of the claim and all documents relating thereto.

ANSWER:

Objection. The answer to this interrogatory will provide relevant information or lead to the discovery of relevant information.

10. Identify by case name and number or name of the parties all lawsuits, arbitrations, Illinois States Attorney customer complaint investigations, Illinois Attorney General customer complaint investigations or Better Business Bureau customer complaints or investigations in which Defendants have been a party relating to the sale of a vehicle for the period January 1, 2006 to the present.

ANSWER:

Mary Tate v. S&M Auto, 2014 M1-123391, Circuit Court of Cook County
Burgess v. S&M Auto, 15 CH 09288, Circuit Court of Cook County
S&M Auto does not keep track of Attorney General complaints or Better Business Bureau complaints.

11. Without limitation to time period, identify all felony or misdemeanor convictions involving a crime of dishonesty where Saed Ihmoud, or Mohammed Ihmoud were convicted or pled guilty.

ANSWER:

None.

12. Identify all oral or written communications by and between Defendants or their agents or employee and Donaldson Twyman relating to any of the facts or the matters alleged in Plaintiff's Complaint, including but not limited to conversations before, during, and after the execution of any contract(s), sale, and/or titling of the subject vehicle, for each such communication, include a summary of the topics discussed, the time and place of the communication, the identity of each person who participated in, witnessed, or has knowledge of such communication.

ANSWER:

After the vehicle was sold to Plaintiff, Mr. Mohammed Ihmoud had two or three conversations with him on the telephone. The dates and times are unknown as no records were kept. The topic of the conversations were an attempt to resolve the Plaintiffs complaints keeping in mind that Plaintiff had bought the car “as is”. Objection to any further details under Federal Rule of Evidence 408.

13. Identify all oral or written communications by and between Defendants and Brian Wroblewski, d/b/a Brian Scott Autos, Brian Scott Autos and/or Manheim Auction House, concerning facts relating to Plaintiffs Complaint or the purchase or sale of the subject vehicle, including but not limited to communications before, during, and after the execution of any contract(s), sale, and/or titling of the subject vehicle, for each such communication, include a summary of the topic or topics discussed, the time and place of the communication, the identity of each person who participated in, witnessed, or has knowledge of such communication.

ANSWER:
See the Auction Receipt of Payment provided in our Rule 26(a) disclosure.

14. Identify expert or opinion witnesses, including employees or agents of Defendants and as to each such witness identify:
a. All opinions the witness will express and the basis and reasons for them;
b. The facts or data considered by the witness in forming any opinion the witness will express;
c. Any exhibits that will be used to summarize or support any opinion the witness will express.
ANSWER:
None at this time. However, we reserve the right to retain an expert/opinion witness in the future.

Respectfully Submitted,

/s/ Joel A. Brodsky
Attorney for Defendants

**Joel A. Brodsky**
Attorney for Defendants
8 S. Michigan Ave., Suite 3200
Chicago IL 60603
(312) 541-7000
jbrodsky@joelbrodskylaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that the following statements set forth in this instrument are true and correct: that I caused to be served the above and foregoing Answer to Plaintiffs Interrogatories to Plaintiff via e-mail to all parties of record on the 13th day of August, 2016 before 12:00 midnight

Defendants

By: /s/ Joel A. Brodsky
Their Attorney

**Joel A. Brodsky**
Attorney for Defendants
8 S. Michigan Ave.
Suite 3200
Chicago Illinois 60603
(312) 541-7000
jbrodsky@joelbrodskylaw.com

## CERTIFICATE OF SERVICE

I, Peter S. Lubin, the undersigned attorney, hereby certify that I served a true and correct copy of the foregoing Plaintiff's **MOTION TO COMPEL** upon:

Joel A. Brodsky
Law Office of Joel A. Brodsky
8 S. Michigan Ave., Suite 3200
Chicago, IL 60603
jbrodsky@joelbrodskylaw.com

via the Court's CM/ECF System.

Dated: August 22, 2016

/s/ Peter Lubin