# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Donaldson Twyman )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>S&M Auto Brokers, Saed Ihmoud, and )<br>Mohammed Ihmoud )<br>Defendants. )<br>) | No. 16 C 4182<br><br>Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiff Donaldson Twyman, a citizen and resident of Indiana sued Defendants[1] S&M Auto Brokers, Inc., Saed Ihmoud (S&M's owner), and Mohammed Ihmoud (S&M's General Manager), alleging they violated the Illinois Consumer Fraud and Deceptive Business Practices Act (Count I), Federal and State Odometer Acts (Count II), and committed common law fraud (Count III) when they misstated the mileage on a vehicle they sold him and failed to inform him that the vehicle had a bent frame, was "a rebuilt wreck," and was dangerous to drive. (Dkt. 1.) Twyman seeks at least $30,000 in actual damages and $120,000 in punitive damages "due to the willful and wanton nature of Defendants' conduct and also because [the alleged misrepresentations were] part of [a] long standing pattern and practice of similar misconduct which needs to be punished and deterred." (Dkt. 1 ¶¶ 9, 25.)

Since filing the suit, the parties have been engaged in unusually antagonistic litigation necessitating this Court to admonish counsel several times for their lack of civility during discovery. (*See, e.g.*, Dkt. 35.) Under current consideration are two motions stemming from the parties' ongoing discovery disputes: Plaintiff's motion to compel sworn answers to

---

[1] Twyman also alleges that S&M's principal place of business is in Illinois and that the individual defendants are citizens and residents of Illinois. (Dkt. 1 ¶¶ 6-8.)

1

interrogatories (Dkt. 29) and Defendants' motion for a protective order (Dkt. 41). Additionally, the Court considers two dispositive motions: Plaintiff's motion to dismiss Count II of his complaint (Dkt. 39) and Defendants' motion to dismiss for lack of subject matter jurisdiction (Dkt. 20).[2] For the reasons stated below, Plaintiff's motion to dismiss Count II of the complaint with prejudice is granted (Dkt. 39), Defendants' motion to dismiss for lack of subject matter jurisdiction is denied (Dkt. 20), Plaintiff's motion to compel is granted (Dkt. 29), and Defendants' motion for a protective order is denied (Dkt. 41).[3]

## PLAINTIFF'S MOTION TO DISMISS COUNT II

Plaintiff has filed an unopposed motion to dismiss Count II of his complaint, which alleged that Defendants violated the Federal Odometer Act, 49 U.S.C. § 32705 and Illinois' odometer disclosure statute, 625 ILCS 5/3-112.1, by rolling back the odometer of the vehicle Defendants sold Plaintiff. After engaging in third party discovery, Plaintiff determined that the odometer of the vehicle Defendants sold to him had not been rolled back. Since he has determined that Count II is not supported by the facts, Plaintiff's motion to dismiss Count II of the complaint is granted.[4]

## DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendants have also filed a motion to dismiss pursuant to Rule 12(b)(1) (which was filed prior to Plaintiff's motion to dismiss Count II), arguing that the Court lacks subject matter jurisdiction over Plaintiff's claims because: (1) his Federal Odometer Act claim lacks merit,

---

[2] Plaintiff's motion to correct a typographical error in his proposed expert's declaration (Dkt. 60) and his motion to supplement the motion to dismiss briefing with documents received from Progressive Insurance (Dkt. 65 ) are also granted.
[3] Defendants' motion to supplement his reply in support of his motion for a protective order (Dkt. 48) is also granted.
[4] Plaintiff's motion to dismiss was procedurally unusual and unnecessary. Plaintiff could have filed a stipulation to dismiss Count II without leave of the Court. *See* Fed. R. Civ. P. 41(a)(1).

2

depriving him of federal question jurisdiction; and (2) the Court lacks diversity jurisdiction because the amount in controversy is less than the minimum $75,000 required by 28 U.S.C. § 1332.

Federal Rule of Civil Procedure 12(b)(1) requires dismissal when courts lack subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). With Count II already dismissed, diversity jurisdiction provides the only potential avenue for subject matter jurisdiction. Diversity jurisdiction exists if the amount in controversy exceeds $75,000 and the suit is between citizens of two different states. 28 U.S.C. § 1332(a).

In evaluating a motion filed pursuant to Rule 12(b)(1), the Court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008) (citation omitted). "In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 289 U.S. 178, 189 (1936). In assessing factual challenges to subject matter jurisdiction, courts may look beyond the jurisdictional allegations and evaluate the evidence submitted to determine whether subject matter jurisdiction exists. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). If "material factual allegations" relating to jurisdiction are contested, the plaintiff must "prove the jurisdictional facts by a preponderance of the evidence" with competent proof. *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009) (quotation omitted).

Defendants do not dispute that the parties are diverse. (Dkt. 20 at 4.) Instead, they argue that the amount in controversy requirement has not been met because Plaintiff only claims actual

damages of $30,000, $45,000 below the amount in controversy requirement.[5] (Dkt. 1 ¶ 9.) Although Plaintiff claims $120,000 in punitive damages, Defendants argue that Plaintiff is not entitled to punitive damages sufficient to meet the amount in controversy requirement. (Dkt. 20 at 4-10.)

As both parties point out, punitive damages can be considered when evaluating whether a party has satisfied the amount in controversy requirement. *See Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211 (7th Cir. 1995). When punitive damages are required to meet the amount in controversy requirement, courts perform a two-part test. *See Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996). First, the Court must determine "whether punitive damages are recoverable as a matter of state law." *Id.* "If punitive damages are available, subject matter jurisdiction exists unless it is 'legally certain' that the plaintiff will be unable to recover the requisite jurisdictional amount." *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 551 (7th Cir. 2008); *see also Hunt v. DaVita, Inc.*, 680 F.3d 775, 777 (7th Cir. 2012) (finding subject matter jurisdiction over matter because movant had not shown it was "legally certain" that amount in controversy would not exceed $75,000 because even a "modest punitive-to-compensatory damages ratio of two or three to one could have led to an award in excess of $75,000"); *Casey-Beich v. United Parcel Serv., Inc.*, 295 F. App'x 92, 94 (7th Cir. 2008) ("If punitive damages are available, the court has subject-matter jurisdiction unless it is legally certain that the plaintiff cannot recover the jurisdictional amount."). When punitive damages claims are challenged, courts "require the plaintiff to support its claim with competent proof, lest

---

[5] In their reply brief, Defendants contest the amount of potential damages for the first time. Because they did not raise this argument until their reply brief, it is deemed waived. *Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012). Even if the Court were to consider Defendants' argument regarding the validity of Plaintiff's claimed compensatory damages, Plaintiff, using competent proof—including a declaration from a proposed expert—has shown by a preponderance of the evidence that he may be entitled to actual damages approximating $30,000. (*See* Dkt. 59.)

4

fanciful claims for punitive damages end up defeating the statute's requirement of a particular amount in controversy." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 979 (7th Cir. 2000).

"When a claim for punitive damages makes up the bulk of the amount in controversy, and may even have been colorably asserted solely to confer jurisdiction, we should scrutinize that claim closely." *See, e.g.*, *Priddle v. Malanis*, No. 12-CV-5831, 2016 WL 164330, at *4 (N.D. Ill. Jan. 12, 2016) (quoting *Anthony*, 75 F.3d at 315); *see also Smith v. American Gen. Life & Acc. Ins. Co., Inc.*, 337 F.3d 888, 893 (7th Cir. 2003); *Del Vecchio* 230 F.3d at 979–80 (dismissing suit seeking $600 in compensatory damages and $75,000 in punitive damages because it was highly unlikely state court would allow such an award). "The purpose of awarding punitive damages is to punish the wrongdoer and in doing so deter that party and others from committing similar wrongful acts." *Ciampi v. Ogden Chrysler Plymouth, Inc.*, 634 N.E.2d 448, 461 (Ill. App. Ct. 1994). Punitive damages may be awarded "[F]or conduct that is outrageous, either because the defendant's motive was evil or the acts showed a reckless disregard of others' rights." *Kirkpatrick v. Strosberg*, 894 N.E.2d 781, 794 (Ill. App. Ct. 2008).

First, "[p]unitive damages are available under both the common law of fraud and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 to 505/12." *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 275 (7th Cir. 2011). Second, even when carefully scrutinized, it is not legally certain that Plaintiff will be unable to satisfy the amount in controversy threshold. Plaintiff has alleged that the Defendants' sales representatives misrepresented and concealed the fact that the vehicle had never been in an accident and failed to disclose that it "was a rebuilt wreck with a bent frame." (Dkt. 1 ¶¶ 2, 12-15.) Once he purchased the vehicle, Plaintiff soon discovered that the car did not perform as advertised, and he learned from a mechanic that the car needed extensive repairs. (Dkt. 1 ¶¶ 21-22.) Plaintiff has

also submitted evidence that the vehicle had a "rough" grade, indicating that it had "been severely abused or has sustained major collision damage" and other evidence indicative of a serious collision. (Exs. A, B, C to Dkt. 23; Ex. 1 to Dkt. 57.) Plaintiff has also submitted newly received documentation from Progressive Insurance, demonstrating that the subject vehicle had, in fact, previously been in a collision, including pictures of the damaged vehicle and estimates for repairs. (Dkt. 65.) In light of these allegations and supporting facts of conduct, it is not legally certain that Plaintiff cannot recover at least $75,000.[6]

The Illinois Appellate Court has repeatedly affirmed significant punitive damage awards in factually similar situations. *See Totz v. Cont'l Du Page Acura*, 602 N.E.2d 1374, 1386 (Ill. App. Ct. 1992) (affirming significant punitive damages award for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act related to misrepresentations by a used car dealer regarding a vehicle being accident free); *Ciampi*, 634 N.E.2d at 462 (Ill. App. Ct. 1994) (affirming $100,000 punitive damages award due to car dealer's "reckless disregard" for the buyer's rights when the dealer misrepresented the price and mileage of the subject vehicle); *see also Medix Staffing Sols., Inc. v. Williams, Cohen & Gray, Inc.*, No. 13 C 2640, 2013 WL 5587085, at *2 (N.D. Ill. Oct. 10, 2013) (finding that court had jurisdiction over matter even though amount of actual damages were alleged to be under $75,000, due to claims for punitive damages under the Illinois Consumer Fraud and Deceptive Business Practices Act and common law fraud).

Significantly, in a recently released opinion, a Cook County Circuit Court found that S&M Auto Brokers, one of the defendants here, violated the Illinois Consumer Fraud Act by failing to disclose that a vehicle it sold had been in a prior accident and had frame damage,

---

[6] Defendants urge the Court to evaluate whether Plaintiff has shown that he is entitled sufficient punitive damages to confer subject matter jurisdiction. (Dkt. 51 at 8.) Even under that more stringent analysis, the Court finds the allegations and supporting evidence sufficient to confer jurisdiction.

noting that the vehicle's bent frame imperiled the plaintiff's safety and finding that punitive damages were appropriate. *Tate v. S&M Auto Brokers Inc.*, 2014 M1-13229, slip op. at 7 (Ill. Cir. Ct. Sept. 26, 2016). Although Defendants make much of the fact that the court greatly reduced the amount of punitive damages originally awarded by the jury, Defendants failed to explain that the court only did so because the plaintiff did not introduce any evidence of S&M's financial status, a requirement to impose significant punitive damages under Illinois law. *Id.*

Moreover, a punitive damage award approximately one and a half times the amount of compensatory damages sought by the Plaintiff is not unreasonable in light of the alleged facts of the case and is not out of proportion to the compensatory damages in controversy or otherwise unconstitutional. *See Keeling*, 660 F.3d at 275 (reversing district court dismissal of suit alleging violations of Illinois Consumer Fraud and Deceptive Practices Act and common law fraud for lack of subject matter jurisdiction because claim for punitive damages approximately five times the amount of potential compensatory damages did not make it "legally impossible" for the plaintiffs to recover the minimum jurisdictional amount); *LM Ins. Corp.* 533 F.3d at 550–52 (finding that a complaint seeking punitive damages less than three times the amount of compensatory damages in order to meet the amount in controversy requirement was not legally certain to violate due process). As a result of the foregoing, Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff alleges that Defendants have refused to provide sworn answers to their interrogatory answers. Defendants have not contested the motion. Federal Rule of Civil Procedure 33 requires that interrogatories "be answered separately and fully in writing under oath." Fed. R. Civ. P. 33. "District courts enjoy broad discretion when considering motions to

7

compel, and have consistently adopted a liberal interpretation of the discovery rules." *See, e.g.*, *Grayson v. City of Aurora*, No. 13 C 1705, 2013 WL 6697769, at *2 (N.D. Ill. Dec. 19, 2013) (internal citations and quotations omitted). Motions to compel discovery are governed by Federal Rule of Civil Procedure 37, which requires the movant to certify that it has tried in good faith to resolve the discovery dispute without court interference. Fed. R. Civ. P. 37(a)(1). Similarly, under Local Rule 37.2, the moving party must show that (1) after consultation in person or by telephone and good faith attempts to resolve differences the parties are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. *See* L.R. 37.2.

Plaintiff has certified that he has complied with Local Rule 37.2. Because "unsigned and unverified responses do not qualify as answers to interrogatories," Plaintiff's motion to compel is granted. *See, e.g.*, *Bardwell v. K & R Delivery, Inc.*, No. 86 C 5731, 1987 WL 28261, at *1 (N.D. Ill. Dec. 14, 1987).

## **DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

Arising from another discovery dispute, Defendants have moved for entry of a protective order limiting the scope of discovery. (Dkt. 41.) Defendants argue that the amount of discovery sought by Plaintiff is disproportionate to the dispute and ask the Court to limit the amount of written and oral discovery taken. (*Id.*) Specifically, Defendants seek a protective order: (1) striking Plaintiff's Third Set of Interrogatories, Amended Third Set of Interrogatories, Third Request for Production, and Second Set of Requests to Admit; (2) barring the deposition of Donnie Moorehouse, an Indianapolis body shop owner who inspected the vehicle; (3) quashing a subpoena issued to the Illinois Attorney General (IAG); and (4) prohibiting the Plaintiff from issuing additional third party subpoenas. (*Id.*)

District courts may limit discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; [or] the party seeking discovery has had ample opportunity to obtain the information . . . or . . . the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C). Federal Rule of Civil Procedure 26 allows courts to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26.

Defendants complain about excessive written discovery propounded by the Plaintiff, but merely point to the fact that Plaintiff has issued a third set of interrogatories, a third set of requests for production, and second set of requests for admission. The Federal Rules of Civil Procedure do not prohibit litigants from issuing multiple sets of written discovery. Instead, the Federal Rules prohibit propounding more than 25 interrogatories or discovery that is otherwise overly burdensome or oppressive. *See* Fed. R. Civ. P. 33. Defendants have failed to show that Plaintiff exceeded the number of interrogatories permitted by law or otherwise propounded unduly burdensome written discovery. In fact, Defendants failed to state how many interrogatories, document requests, and requests for admission they have been served with and did not attach any written discovery to their motion. As a result, their motion to limit written discovery is denied.

Defendants also seek to prevent Mr. Moorehouse's testimony because they posit that he is an expert witness who has not submitted a written report. (Dkt. 41 ¶ 10.) According to Plaintiff, Mr. Moorehouse, the owner of an auto body shop in Indianapolis, inspected the subject vehicle shortly after the Plaintiff purchased it and identified several areas for repair. (Dkt. 45 at 6.) Mr. Moorehouse lives more than 100 miles from the Northern District of Illinois, and as

9

such, is outside of the trial subpoena power of the Court. Fed. R. Civ. P. 45(c).  As a result, Plaintiff may depose Mr. Moorehouse because Plaintiff cannot compel him to appear for trial.  If Defendants' counsel is concerned about the cost of attending Mr. Moorehouse's deposition in person, he is free to appear by telephone, by videoconference, or not to appear at all.  To the extent Defendants challenge the substance or admissibility of Mr. Moorehouse's testimony, that challenge is most appropriate for a motion *in limine* or *Daubert* motion prior to trial.

Defendants also object to the production of certain material to the Plaintiff by the IAG pursuant to a subpoena propounded by the Plaintiff.  Specifically, Defendants object to the production of information they previously provided to the IAG regarding approximately 20 individuals who made complaints the IAG about vehicles purchased from Defendants.  Defendants argue that this material is irrelevant to the current dispute and may contain confidential and sensitive information relating to the sale of vehicles.

A court must quash a subpoena when: (1) it fails to allow a reasonable time for compliance, (2) requires a non-party to travel more than 100 miles (with some exceptions), (3) requires disclosure of privileged or protected information, or (4) subjects a person to undue burden.  Fed. R. Civ. P 45(c)(3)(A). District courts have wide discretion when determining whether or not to quash subpoenas.  *United States v. Ashman,* 979 F.2d 469, 495 (7th Cir. 1992). "A party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982).  "Specifically, a non-recipient can object when she has a claim of privilege or when the subpoena implicates her privacy interests," including the release of financial information. *See, e.g.*, *HTG Capital Partners, LLC v. Doe(s)*, No. 15 C 02129, 2015 WL 5611333, at *3 (N.D. Ill. Sept. 22, 2015).

The information sought by Plaintiff from the IAG is relevant to the current dispute, especially because it could assist Plaintiff establish that Defendants engaged in a pattern and practice of misrepresenting and concealing the fact that vehicles for sale had been in collisions. *See, e.g.*, Fed. R. Evid. 406. Although some of the information Defendants previously produced to the IAG may be commercially sensitive, Plaintiff is not a commercial competitor of Defendants and it is unclear how he would misuse this information. Nonetheless, the Court will not quash Plaintiff's subpoena to the IAG, but it will order that Plaintiff and his counsel treat the information received from the subpoena to the IAG as confidential and may only use such information during the prosecution of this lawsuit. Plaintiff is prohibited from providing any of the material received from the IAG to anyone except experts and other agents retained for this litigation. Experts and related individuals are also required to treat this information as confidential.

Defendants also petition the Court to bar Plaintiff from issuing additional subpoenas *duces tecum* to third parties because their counsel has had to "sift through and deal with hundreds of pages of unnecessary document production." (Dkt. 41 ¶ 20.) Although the Plaintiff appears to have propounded an unusually high number of subpoenas for a matter of this type, Defendants have failed to show how the issuance of the subpoenas is overly burdensome. If the documents are unnecessary as Defendants argue in their motion, they have no need to review them. Their request to bar Plaintiff from issuing additional subpoenas to third parties is denied.

Finally, Defendants argue that Plaintiff's counsel acted in bad faith because he allegedly failed to call the vehicle's prior owner to ask if the car had been in an accident. (Dkt. 41 ¶¶ 21-23.) In their motion for a protective order, however, Defendants failed to request sanctions or any other relief related to Plaintiff's alleged bad faith. In their reply in support of their motion

for a protective order (Dkt. 46), in addition to their response to plaintiff's motion to supplement (Dkt. 67), Defendants request sanctions for alleged misrepresentations made by Plaintiff's counsel. These requests for sanctions are denied. The Court urges the parties to act civilly toward one another.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to dismiss Count II of his complaint (Dkt. 39) is granted, Defendants' motion to dismiss for lack of subject matter jurisdiction (Dkt. 20) is denied, Plaintiff's motion to compel is granted (Dkt. 29), and Defendants' motion for a protective order (Dkt. 41) is denied. Additionally, Plaintiff's motion to correct a typographical error in his proposed expert's declaration (Dkt. 60) and his motion to supplement the motion to dismiss briefing with documents received from Progressive Insurance (Dkt. 65) are also granted. Defendants' motion to supplement his reply in support of his motion for a protective order (Dkt. 48) is also granted.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 10/18/2016