**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DONALDSON TWYMAN, Plaintiff, | ) ) | |
| | ) | No. 16-cv-04182 |
| v. | ) | |
| | ) | Honorable Virginia Kendall |
| S&M AUTO BROKERS, INC., *et al.*, | ) | Magistrate Judge Sheila Finnegan |
| Defendants. | ) | |

**AMENDED MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANTS' ANSWERS OR OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS TO ADMIT**

Plaintiff, DONALDSON TWYMAN, requests pursuant to Rule 36(a)(6) that the Court determine the sufficiency of Defendant S&M Auto Broker Inc.'s ("S&M's") answers and objections to Plaintiff's Second Set of Requests to Admit, Nos. 14, 15, 19, 31, 35, 40 and 42. In support hereof, Plaintiff states:

Plaintiff filed a motion to determine the sufficiency of Defendant's objections and/or refusals to answer forty-four requests to admit in Plaintiff's Second Set of Requests to Admit. After conducting a meet and confer at the direction of the Court, the parties have resolved all of the disputes except as to seven requests to admit. The Requests to Admit still at issue are: Nos. 14, 15, 19, 31, 35, 40 and 42.

The Second Set of Requests to Admit (and exhibits attached thereto) are attached as **Exhibit 1**. Defendants' answers and objections to the Second Set of Requests to Admit are attached as **Exhibit 2**. Defendants' answers and objections to Plaintiff's First Set of Requests to Admit are attached as **Exhibit 3**.[1]

---

[1] S&M claims Requests to Admit Nos. 14, 15, 19, and 31 are duplicative of certain requests in the First of Requests to Admit and therefore it does not have to answer them. As

Rule 36(a)(6) provides that:

> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Fed. R. Civ. P. 36(a)(6).

**A. "Assumes Facts Not in Evidence" Objection Should be Overruled.**

S&M improperly refused to answer Request to Admit Nos. 35, 40, and 42. Those requests ask S&M to admit or deny whether S&M made a specific disclosure to Plaintiff of various material facts before he purchased the vehicle at issue (e.g. whether S&M told Plaintiff that the vehicle had been in an accident or that Manheim Auto Auction had notified S&M that it had certain condition issues). They state:

> **RTA 35**: **S&M did not state to Plaintiff orally or in writing prior to his purchase of the subject vehicle that it had frame damage**.
>
> **OBJECTION**: Defendant can neither admit nor deny the fact requested to be admitted in paragraph 35 of the Plaintiffs Second Request To Admit as the request assumes that the vehicle sold to Plaintiff had frame damage prior to being sold to him, and the car sold to Plaintiff did not have frame damage prior to it being sold to Plaintiff.
>
> **RTA 40**: **S&M did not state to Plaintiff orally or in writing prior to his purchase of the subject vehicle that the subject vehicle needed the repairs listed in Exhibit A**[2].
>
> **OBJECTION**: Defendant can neither admit nor deny the fact requested to be admitted in paragraph 40 of the Plaintiffs Second Request To Admit as the request assumes that the vehicle sold to Plaintiff needed the repairs listed in Exhibit A, which it did not.
>
> **RTA 42**: **S&M did not state to Plaintiff orally or in writing prior to his purchase of the subject vehicle that the subject vehicle had any of the condition issues listed in Exhibit A hereto**.

---

demonstrated herein, that objection lacks basis as a review of the relevant requests in the First Set proves.

[2] Exhibit A is the Manheim Condition Report for the vehicle which gave it a grade of "1.9, Rough" and listed condition issues for the vehicle before S&M purchased it.

> **OBJECTION**: Defendant can neither admit nor deny the fact requested to be admitted in paragraph 40 of the Plaintiffs Second Request To Admit as the request assumes that the vehicle sold to Plaintiff had any of the condition issues listed in Exhibit A hereto, which it did not.

The admission that S&M failed to disclose that the vehicle had been in an accident and that Manheim had noted condition issues in its pre-auction report is central to Plaintiff's consumer fraud claims. A knowing omission of material fact in trade or commerce constitutes consumer fraud. 815 ILCS 505/2. *Perona v. Volkswagen of Am., Inc.*, 292 Ill. App. 3d 59, 67-68 (1st Dist. 1997). Failing to disclose known collision damages and other material negative history of a car constitutes deceptive conduct which violates the consumer fraud act. *Crowder v. Bob Oberling Enters.*, 148 Ill. App. 3d 313, 315-317 (4th Dist. 1986). A fact is material if the buyer would have acted differently if he had known that fact or if it would affect a reasonable purchaser's decision to buy a product. *Totz v. Continental DuPage Acura*, 236 Ill. App. 3d 891, 902 (2nd Dist. 1992); *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill. 2d 482, 505 (1996) (finding the plaintiffs' pleading that safety problems of the [Suzuki subject vehicle] were a material fact in that they would not have purchased the vehicles if Suzuki had disclosed the Samurai's safety risk); *Perona*, 292 Ill. App. 3d at 67-68 (finding a material fact exists where a buyer would have acted differently knowing the information, or if it concerned the type of information on which a buyer would be expected to rely in making a decision whether to purchase the product).

S&M claims it cannot answer the requests because they assume facts not in evidence. As an initial matter, the objection "assumes facts not in evidence" is a trial objection which should not be resolved at the discovery phase of the case as to requests for admission. As the Court in *Garcia v. Clark*, 2012 WL 1232315, at *2 (E.D.Cal.2012) held:

> Insofar as Defendant states that the request assumes facts not in evidence, his objection is overruled. "Assuming facts not in evidence may be the basis for an objection during trial or some other evidentiary hearing. This, however, is discovery."

See also: *Baker v. City. of Missaukee*, No. 1:09-CV-1059, 2013 WL 5786899, at *7 (W.D. Mich. Oct. 28, 2013).

If made at trial, this objection would also be improper as the requests do not assume facts not in evidence. The requests simply ask if S&M made a specific disclosure at the time of sale. What S&M did or did not say to Plaintiff back in 2015 at the time of the sale cannot change. Nor is it dependent on whether the specific information is actually true. Thus, S&M can dispute whether the vehicle had been in an accident yet still admit or deny whether they told Plaintiff that it had.

Even if the requests assumed facts not known to S&M, they would still be proper. A cross-examination question is entirely proper if it can be tied to evidence which will be proven at trial, even if not known to the witness. 98 C.J.S. Witnesses § 567 ("Where the facts assumed are in evidence, even though they have not been testified to by the witness, the question is unobjectionable."); 5 Handbook of Fed. Evid. § 611:21 (7th ed.) ("the court in its discretion may accept a representation of counsel that a fact assumed or insinuated on direct or cross-examination to be true will be connected up later in the trial through the introduction of admissible evidence.") This procedure is codified in Rule 104(b) of the Federal Rules of Evidence which states:

> When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later.

See *United States v. Espinoza*, 641 F.2d 153, 170 (4th Cir. 1981).

Accordingly, S&M's objection "assumes facts not in evidence" should be overruled and it should be ordered to answer Requests Nos. 35, 40 and 42 of the Second Set of Requests to Admit.

### B. Requests to Admit Nos. 14, 15 and 19 are not Duplicative of Requests to Admit Nos. 6 and/or Nos. 7 of the First Set of Requests to Admit.

Plaintiff's Requests to Admit Nos. 14, 15 and 19 were necessitated by S&M's evasive, non-responsive and argumentative answer to Request to Admit No. 7 of the First Set of Requests to Admit. In its answer, S&M argued that a Manheim Grade of 1.9 is not "Rough" because it is a tenth of a point under a grade of "Below Average." See **Exhibit 3**, at Answer to No. 7. Manheim refuted this position in the affidavit it provided in this matter, where it attests that a grade of "Rough" is between 1 and 1.9. See **Exhibit 4** attached hereto.

Plaintiff's Requests to Admit Nos. 14, 15 and 19 seek to establish that the subject vehicle's grade of 1.9 meant it had a grade of "Rough" and not a grade of "Below Average" and that being "close to" a numerical grade of 2 is not synonymous with having a grade of 2, as S&M had argued but which Manheim's affidavit refutes. The requests are not duplicative of Requests to Admit Nos. 6 or 7 of the First Set of Requests to Admit as those requests do not ask S&M to admit that a grade of 1 to 1.9 means "Rough," not "Below Average":

> **RTA 6 (First Set)**: Manheim notified S&M in the auction listing for the subject vehicle that it had a grade of 1.9 out of 5.
>
> **RTA 7 (First Set)**: Manheim notified S&M in the auction listing for the subject vehicle that it was in "Rough" condition.
>
> S&M responded to Request No. 7 of the First Set as follows:
>
> Defendant admits the fact requested to be admitted in paragraph 7 of the Plaintiff's Request to Admit, to the extent the subject vehicle was listed as having a grade of 1.9 Rough *and therefore was closer to Below Average than Rough*.

This argumentative answer required Plaintiff to serve Requests to Admit Nos. 14, 15 and 19 of the Second Set (which are not duplicative of Requests to Admit Nos. 6 or 7 of the First Set). These new follow-up requests require S&M to admit that a grade of 1.9 is "Rough" not "Below Average" just as Manheim has attested:

**RTA 14 (Second Set)**: A grade of between 1 and 1.9 was defined by Manheim as a grade of "Rough" at the time S&M purchased the subject vehicle.

**RTA 15 (Second Set)**: A grade of between 2 and 2.9 was defined by Manheim as a grade of "Below Average" at the time S&M purchased the subject vehicle.

**RTA 19 (Second Set)**: A 1.9 grade from Manheim at the time S&M purchased the subject vehicle was not grade of "Below Average".

Accordingly, since the objection that these requests are duplicative is inaccurate, it should be rejected. S&M should be ordered to answer Requests to Admit Nos. 14, 15 and 19 of the Second Set of Requests to Admit.

**C. Request to Admit No. 31 is not Duplicative of Request to Admit No. 32.**

S&M has agreed to admit Request to Admit No. 32 of the Second Set and withdrew its objection that this Request was duplicative of Requests to Admit Nos. 6-7 of the First Set (which it clearly was not). However, now S&M is using its agreement to admit Request to Admit No. 32 as a reason to raise a new objection to Request to Admit No. 31 that it is duplicative of Request to Admit No. 32. Requests to Admit Nos. 31 and 32 state:

**RTA 31 (Second Set)**: At the time it purchased the subject vehicle at a Manheim auction, S&M was aware of Manheim's definition of a car with a grade of between 1 and 1.9 as stated in Exhibit B hereto.

**RTA 32 (Second Set)**: At the time it purchased the subject vehicle at a Manheim auction, S&M was aware of Manheim's definition of "Rough" as stated in Exhibit B hereto.

S&M has agreed to admit Request No. 32 thus admitting that it was aware of the meaning of the definition of Manheim's grade of Rough as defined by Manheim in Exhibit B to the Requests to Admit at the time it purchased the subject vehicle. However, S&M still refuses to admit that a vehicle with a number grade of 1.9 met that definition. Such admission would be required of it if it answered Request to Admit No. 32. Request to Admit No. 32 was necessitated by S&M's argumentative claim that a 1.9 is closer to a grade of "Below Average" and does not

meet the definition of "Rough." S&M took that position in its answer to Request to Admit No. 7 of the First Set. (See discussion *infra*). Manheim has refuted that claim in its affidavit, as review of the affidavit proves. See **Exhibit 4**. Therefore, S&M's new duplicative objection that Request to Admit No. 31 of the Second Set is duplicative of Request to Admit No. 32 should be overruled. S&M should be ordered to answer Request to Admit No. 32 of the Second Set of Requests to Admit.

WHEREFORE Plaintiff requests that this Court either deem the requests to admit listed herein admitted or order S&M to amend its answers and overrule S&M's objections.

DONALDSON TWYMAN

By: /s/ Peter S. Lubin
One of his attorneys

Peter S. Lubin
Andrew C. Murphy
DITOMMASO ♦ LUBIN, P.C.
17 W 220 22nd Street – Suite 410
Oakbrook Terrace, IL 60181
(630) 333-0000
psl@ditommasolaw.com
acm@ditommasolaw.com

**CERTIFICATE OF SERVICE**

I, Peter S. Lubin, the undersigned attorney, hereby certify that I served a true and correct copy of the foregoing **AMENDED MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANTS' ANSWERS OR OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS TO ADMIT** upon:

Joel A. Brodsky
Law Office of Joel A. Brodsky
8 S. Michigan Ave., Suite 3200
Chicago, IL 60603
jbrodsky@joelbrodskylaw.com

via the Court's CM/ECF System.
.

Dated: December 6, 2016 /s/ Peter Lubin

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DONALDSON TWYMAN,<br>Plaintiff,<br><br>v.<br><br>S&M AUTO BROKERS, INC., SAED IHMOUD and MOHAMMED IHMOUD,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br>No. 16-cv-04182<br><br>Honorable Virginia Kendall<br><br>Magistrate Judge Sheila Finnegan |

**PLAINTIFF'S SECOND SET OF REQUESTS TO ADMIT TO DEFENDANTS**

Plaintiff Donaldson Twyman, by his undersigned attorneys, pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure serves the following Requests to Admit upon Defendants. Plaintiff requests Defendants to admit the following matters within thirty days of service hereof as provided in Federal Rules of Civil Procedure 36(a)(3).

**DEFINITIONS**

A. The term "subject vehicle" shall refer to the 2013 Infiniti FX37 (VINJN8CS1MW8DM170265), identified in Plaintiff's Complaint, and all of its component parts.

B. "Defendant" includes S&M Auto Brokers, Inc., its agents, and attorneys.

C. "Defendants" refers to all Defendants named in the Complaint.

D. "S&M" refers to S & M Auto Brokers, Inc. and its agents, employees and owners.

E. "Manheim" refers to Manheim, Inc. and its affiliates.

**REQUESTS TO ADMIT**

1. Exhibit A contains the information for the Manheim Auction listing for the subject vehicle to which S&M had access on a its computer screen via the internet prior to its purchase of the subject vehicle at auction.

2. Exhibit B contains the definitions for Manheim's grading scale to which S&M had access prior to its purchase of the subject vehicle.

3. The Manheim listing for the subject vehicle provided S&M with a link from which it could view the definitions for Manheim's grading scale contained in Exhibit B.

4. Prior to its purchase of the subject vehicle at a Manheim auction, S&M had access to the Manheim listing information and grade for the subject vehicle.

5. Prior to its purchase of the subject vehicle at a Manheim auction, S&M had access to the Manheim definitions for its grading scaled contained in Exhibit B hereto.

6. Prior to its purchase of the subject vehicle at a Manheim auction, S&M reviewed the Manheim listing for the subject vehicle via the internet on a computer screen.

7. Prior to its purchase of the subject vehicle at a Manheim auction, S&M reviewed the Manheim listing for the subject vehicle via the internet on a cell phone screen.

8. Prior to its purchase of the subject vehicle at a Manheim auction, S&M had purchased over 50 other vehicles at Manheim auctions.

9. Prior to its purchase of the subject vehicle at a Manheim auction, S&M had purchased over 100 other vehicles at Manheim auctions.

10. Prior to its purchase of the subject vehicle at a Manheim auction, S&M had purchased over 200 other vehicles at Manheim auctions.

11. Prior to its purchase of the subject vehicle at a Manheim auction, S&M had purchased over 300 other vehicles at Manheim auctions.

12. Prior to its purchase of the subject vehicle at a Manheim auction, S&M had purchased over 400 other vehicles at Manheim auctions.

13. The subject vehicle received a grade of 1.9 from Manheim at the time S&M purchased it.

14. A grade of between 1 and 1.9 was defined by Manheim as a grade of "Rough" at the time S&M purchased the subject vehicle.

15. A grade of between 2 and 2.9 was defined by Manheim as a grade of "Below Average" at the time S&M purchased the subject vehicle.

16. The subject vehicle did not receive a grade of between 2 and 2.9 from Manheim at the time S&M purchased it.

17. The subject vehicle did not receive a grade of between 2 and 2.9 qualifying it for a "Below Average" grade from Manheim at the time S&M purchased it.

18. With a grade of 1.9, Manheim defined the subject vehicle as "Rough" at the time S&M purchased it.

19. A 1.9 grade from Manheim at the time S&M purchased the subject vehicle was not grade of "Below Average".

20. The subject vehicle did not receive a grade of "Below Average" from Manheim at the time S&M purchased it.

21. A 1.9 grade from Manheim at the time S&M purchased the subject vehicle was a grade of "Rough".

22. At the time S&M purchased the subject vehicle, Manheim defined a car with a "Rough" grade as follows:

> This vehicle has been severely abused or has sustained major collision damage, but may be drivable. It is cost prohibitive to extensively recondition this vehicle by automotive industry standards. The frame/structure is not expected to measure to published specifications. Although operable, this vehicle is near the end of its useful life. Operability of accessories is doubtful.

23. At the time S&M purchased the subject vehicle, Manheim defined a car with a grade of between 1 and 1.9 as follows:

> This vehicle has been severely abused or has sustained major collision damage, but may be drivable. It is cost prohibitive to extensively recondition this vehicle by automotive industry standards. The frame/structure is not expected to measure to published specifications. Although operable, this vehicle is near the end of its useful life. Operability of accessories is doubtful.

24. At the time S&M purchased the subject vehicle, Manheim defined a "Rough" grade car to mean a car which had "Body Defects" due to "Existing Collison Damage."

25. At the time S&M purchased the subject vehicle, Manheim defined a "Rough" grade car to mean a car which had "Body Defects" due to "Existing Collison Damage."

26. At the time S&M purchased the subject vehicle, Manheim defined a car with a grade of between 1 and 1.9 to mean a car which had "Body Defects" due to "Existing Collison Damage."

27. At the time S&M purchased the subject vehicle, Manheim defined a "Rough" grade car as having "Probable Frame Damage."

28. At the time S&M purchased the subject vehicle, Manheim defined a car with a grade of between 1 and 1.9 to mean a car which had "Probable Frame Damage."

29. At the time S&M purchased the subject vehicle, Manheim stated that a car with a "Rough" grade was defined as stated in the definition contained in Exhibit B hereto.

30. At the time S&M purchased the subject vehicle, Manheim stated that a car with a 1 to 1.9 grade was defined as stated in the definition contained in Exhibit B hereto.

31. At the time it purchased the subject vehicle at a Manheim auction, S&M was aware of Manheim's definition of a car with a grade of between 1 and 1.9 as stated in Exhibit B hereto.

32. At the time it purchased the subject vehicle at a Manheim auction, S&M was aware of Manheim's definition of "Rough" as stated in Exhibit B hereto.

33. At the time it purchased the subject vehicle at a Manheim auction, S&M was aware of Manheim's definition of "Below Average" as stated in Exhibit B hereto.

34. S&M did not state to Plaintiff orally or in writing prior to his purchase of the subject vehicle that it had been in a major accident.

35. S&M did not state to Plaintiff orally or in writing prior to his purchase of the subject vehicle that it had frame damage.

36. S&M did not state to Plaintiff orally or in writing prior to his purchase of the subject vehicle that it had tires which needed to be replaced due to safety issues.

37. S&M did not state to Plaintiff orally or in writing prior to his purchase of the subject vehicle that the subject vehicle had a grade of "Rough" from Manheim.

38. S&M did not state to Plaintiff orally or in writing prior to his purchase of the subject vehicle that the subject vehicle had the condition issues that are associated with a grade of "Rough" from Manheim.

39. S&M did not state to Plaintiff orally or in writing prior to his purchase of the subject vehicle that it had "Probable Frame Damage".

40. S&M did not state to Plaintiff orally or in writing prior to his purchase of the subject vehicle that the subject vehicle needed the repairs listed in Exhibit A hereto.

41. S&M did not state to Plaintiff orally or in writing prior to his purchase of the subject vehicle that the subject vehicle had substandard body work as listed in Exhibit A hereto.

42. S&M did not state to Plaintiff orally or in writing the subject vehicle had any of the condition issues listed in Exhibit A hereto.

43. Prior to selling the subject vehicle to Plaintiff, S&M did not inspect the subject vehicle for safety issues.

44. Prior to selling the subject vehicle to Plaintiff, S&M did not inspect the subject vehicle for safety issues regarding the condition of the tires.

45. Prior to selling the subject vehicle to Plaintiff, S&M did not inspect the subject vehicle for frame damage.

46. Prior to selling the subject vehicle to Plaintiff, S&M did not inspect the subject vehicle for condition issues.

47. It is not S&M's routine practice to inspect cars for safety issues before selling them.

48. It is not S&M's routine practice to inspect cars for frame damage before selling them.

DONALDSON TWYMAN

By: /s/ Peter Lubin
One of his attorneys

Peter S. Lubin
Andrew C. Murphy
DITOMMASO ♦ LUBIN, P.C.
17 W 220 22nd Street – Suite 410
Oakbrook Terrace, IL 60181
(630) 333-0000
psl@ditommasolaw.com
acm@ditommasolaw.com

# EXHIBIT A

inSight ECR powered by Manheim

Learn ? More

MANHEIM ARENA ILLINOIS
200 W. OLD CHICAGO DRIVE
BOLINGBROOK, IL 60440
(630)759-3800

## VEHICLE DETAILS - 2013 INFINITI FX37 AWD

| | | | | | |
|---|---|---|---|---|---|
| VIN: | JN8CS1MW8DM170265 | Body Style: | SUV | Top Type: | Moon Roof |
| Ext Color: | WHITE- QAA | Int Color: | BLK- G | Odometer: | 17,137 |
| Work Order: | 1589331 | Seller: | TDAF REMARKETING | Received Date: | 07/27/2015 |
| Sale Number: | 32 | Lane Number: | 7 | Run Number: | 92 |
| Inspector: | JBANKS2 07/28/2015 | InService Date: | N/A | | |



**GRADING**

Auto Grade

**Grade 1.9 Rough**

More About Auto Grade

- **MSRP**-Not Available
- **Engine Starts**-Yes
- **Drivable**-Yes

*Process protected under U.S. Patent No. 8,320,362

## VALUE ADDED OPTIONS

- Back-Up Camera
- Bluetooth Connection
- Cooled Front Seat(s)
- Dual Zone A/C
- HID Headlights
- Heated Seats-Front(s)
- Leather Seats
- Moonroof
- Navigation System
- Rear Parking Aid
- Satellite Radio - XM
- Seat Memory

## VEHICLE INFORMATION

### OPTIONS

- 50 State Emissions
- A/C
- ABS Brakes
- Automatic Headlights
- Auxiliary Pwr Outlet
- CD Player
- Child Safety Locks
- Cruise Control
- Daytime Running Lights
- Dual Air Bags
- Fog Lamps
- Front Floor Mats
- Front Reading Lamps
- Intermittent Wipers
- Keyless Entry
- Keyless Start
- Leather Steering Wheel
- Park Assist
- Power Folding Mirrors
- Power Locks
- Power Mirrors
- Power Telescopic Steering
- Power Tilt Steering
- Power Trunk Release
- Power Windows
- Privacy Glass
- Push Button Start
- Pwr Seats - Both
- Pwr Steering
- Rear Defrost
- Rear Floor Mats
- Rear Reading Lamps
- Remote Trunk Release
- Security System
- Side Air Bags
- Steering Wheel Audio Control
- Tire Pressure Monitor System
- Traction Control
- Trip Computer
- Trip Counter
- US EPA Label
- Universal Garage Door Opener

### MECHANICAL

- 6 Cylinder Gas
- Automatic
- AWD
- Pwr Brakes
- Automatic Transmission
- 3.7 L

### INTERIOR

- Odometer - 6 Digits Digital -Operable
- Regular Dash
- Leather - G
- Int Odor: OK

### TIRES AND WHEELS

**Tire Condition:** **Wheels:** Alloy

| Tire | Tread Depth | Brand | Size |
|---|---|---|---|

### KEYS

- Remote Key/Fob - 1

### OTHER

| | | | |
|---|---|---|---|
| Left Front: | 9/32" | IOTA | 265/50R20 |
| Left Rear: | 9/32" | IOTA | 265/50R20 |
| Right Front: | 6/32" | BRIDGESTONE | 265/50R20 |
| Right Rear: | 5/32" | BRIDGESTONE | 265/50R20 |
| Spare: | N/A | (Mini) | N/A |

- Title State: VA
- Title Received Date: 08/05/2015
- Org Mfg Basic Warranty: 4 Years/60,000 Miles
- Org Mfg Powertrain Warranty: 6 Years/70,000 Miles

*Manheim is not responsible for voided warranties

ADDITIONAL INFORMATION

BRIAN SCOTT AUTOS/GL/TA,,

CHARGEABLES

| HIDE PIC | LINE | | ITEM DESCRIPTION | CONDITION | SEVERITY | SUGGESTED REPAIR | TOTAL LABOR HOURS | COST | REPAIRED |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | | 0021 Front Bumper Cover | Misaligned | Repair Required | Align/Adjust | 1.00 | $40.00 | ☐ |
| ☐ | ☐ |  | 0021 Front Bumper Cover | Prev Repair | SubStd Sand Marks | Repair | 7.90 | $316.00 | ☐ |
| ☐ | ☐ | | 0050 Hood | Misaligned | Repair Required | Align/Adjust | 1.00 | $40.00 | ☐ |
| ☐ | ☐ |  | 0050 Hood | Prev Repair | SubStd Sand Marks | Repair | 7.80 | $312.00 | ☐ |
| ☐ | ☐ |  | 0060 Roof | Dent/No Paint Dmg | GR 12" | Repair | 13.30 | $532.00 | ☐ |
| ☐ | ☐ | | 0060 Right Drip Rail | Dent/No Paint Dmg | PDR/2 | PDR | .00 | $45.00 | ☐ |
| ☐ | ☐ |  | 0110 LF Fender | Prev Repair | SubStd Dirt | Repair | 6.90 | $276.00 | ☐ |
| ☐ | ☐ | | 0110 LF Fender Molding | Loose | Repair Required | Align/Adjust | 1.00 | $40.00 | ☐ |
| ☐ | ☐ | | 0120 LF Wheel | Curb Rash | 5" to 6" | Repair | .00 | $65.00 | ☐ |
| ☐ | ☐ |  | 0120 LF Tire | Cut | Replacement Required | Replace | .00 | $261.00 | ☐ |
| ☐ | ☐ |  | 0130 LF Door | Prev Repair | SubStd Dirt | Repair | 7.10 | $284.00 | ☐ |
| ☐ | ☐ |  | 0160 LR Door | Prev Repair | SubStd Wavy | Repair | 7.10 | $284.00 | ☐ |
| ☐ | ☐ |  | 0180 L Qtr Panel | Prev Repair | SubStd Wavy | Repair | 7.10 | $284.00 | ☐ |
| ☐ | ☐ | | 0190 LR Wheel | Curb Rash | 5" to 6" | Repair | .00 | $65.00 | ☐ |
| ☐ | ☐ |  | 0241 Rear Bumper Cover | Prev Repair | SubStd Sand Marks | Repair | 7.90 | $316.00 | ☐ |
| ☐ | ☐ |  | 0241 R Bumper Cover Lower | Scratch Heavy | 8" to 9" | Replace | .10 | $282.17 | ☐ |
| ☐ | ☐ |  | 0310 RF Fender | Prev Repair | SubStd Wavy | Repair | 6.90 | $276.00 | ☐ |
| ☐ | ☐ | | 0320 RF Wheel | Curb Rash | 5" to 6" | Repair | .00 | $65.00 | ☐ |
| ☐ | ☐ |  | 0330 RF Door | Prev Repair | SubStd Wavy | Repair | 7.10 | $284.00 | ☐ |
| ☐ | ☐ |  | 0360 RR Door | Prev Repair | SubStd Wavy | Repair | 7.10 | $284.00 | ☐ |
| ☐ | ☐ |  | 0380 R Qtr Panel | Prev Repair | SubStd Sand Marks | Repair | 7.10 | $284.00 | ☐ |
| ☐ | ☐ | | 0390 RR Wheel | Curb Rash | 5" to 6" | Repair | .00 | $65.00 | ☐ |
| ☐ | ☐ | | 0450 LF Carpet | Burn Hole | 3" to 4" | Replace | .00 | $100.00 | ☐ |
| ☐ | ☐ | | 0480 Warranty Books | Missing | Replacement Required | Replace | .00 | $15.00 | ☐ |
| | | | 0480 Owners manuals | Missing | | Replace | .00 | $15.00 | |

| HIDE PIC | HIDE LINE | | ITEM | DESCRIPTION | CONDITION | SEVERITY | SUGGESTED REPAIR | TOTAL LABOR HOURS | COST | REPAIRED |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | | | | | Replacement Required | | | | ☐ |
| ☐ | ☐ | | 0480 | Maintenance Book | Missing | Replacement Required | Replace | .00 | $15.00 | ☐ |
| | | | | | | | TOTALS | 96.40 | $4,845.17 | |

NON-CHARGEABLES AND ADDITIONAL IMAGES

| HIDE PIC | HIDE LINE | | ITEM | DESCRIPTION | CONDITION | SEVERITY | SUGGESTED REPAIR | TOTAL LABOR HOURS | COST | REPAIRED |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ |  | 0000 | Overall Picture-FRONT/LFT FRNT | Overall Picture | | | .00 | $.00 | ☐ |
| ☐ | ☐ |  | 0000 | Overall Picture-REAR/RGT REAR | Overall Picture | | | .00 | $.00 | ☐ |
| ☐ | ☐ |  | 0000 | Overall Picture - Wheel | Overall Picture | | | .00 | $.00 | ☐ |
| ☐ | ☐ |  | 0000 | Overall Picture - Interior | Overall Picture | | | .00 | $.00 | ☐ |
| ☐ | ☐ |  | 0000 | Overall Picture - Dash | Overall Picture | | | .00 | $.00 | ☐ |
| ☐ | ☐ |  | 0000 | Overall Picture - Odometer | Overall Picture | | | .00 | $.00 | ☐ |
| ☐ | ☐ |  | 0000 | Overall Picture VIN/ID Sticker | Overall Picture | | | .00 | $.00 | ☐ |
| ☐ | ☐ |  | 0000 | Overall Picture - Cargo Area | Overall Picture | | | .00 | $.00 | ☐ |
| ☐ | ☐ | | 0010 | Windshield | Chipped | < 1/8" | No Action Required | .00 | $.00 | ☐ |
| ☐ | ☐ | | 0125 | L "B" Pillar | Dent/No Paint Dmg SEATBELT | < 1/8" | No Action Required | .00 | $.00 | ☐ |
| | | | | | | | TOTALS | .00 | $.00 | |

REPAIRED

| HIDE PIC | HIDE LINE | ITEM | DESCRIPTION | CONDITION | SEVERITY | SUGGESTED REPAIR | TOTAL LABOR HOURS | COST | REPAIRED |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | TOTALS | .00 | $.00 | |

**RECON CHARGES**

| DATE | QTY | PART | DESCRIPTION | RETAIL |
|---|---|---|---|---|
| 07/28/2015 | | | INSPECTION FEE | $35.00 |

**TOTAL CHARGES**

| | |
|---|---|
| Chargeables | $4,845.17 |
| Non-Chargeables | $.00 |
| Repaired | $.00 |
| Deductibles | $.00 |
| Recon Charges | $35.00 |

**Total Charges** **$4,880.17**

MANUFACTURER PACKAGE INFORMATION

**INFORMATION SET FORTH HEREIN IS BASED SOLELY ON INFORMATION PROVIDED BY THE VEHICLE MANUFACTURER AT THE TIME OF MANUFACTURE AND MAY NOT BE ACCURATE OR COMPLETE. MANHEIM HAS NOT UNDERTAKEN STEPS TO CONFIRM THE ACCURACY OF ANY SUCH INFORMATION, AND ANY INFORMATION DISCLOSED HEREIN IS PROVIDED "AS IS".**

**Open All Packages** **Close All Packages**

**Premium Pkg - P01**

- Reverse Tilt-Down Feature For Exterior Mirrors
- Voice Recognition For Audio & Navigation Controls
- XM NavTraffic
- Hard Drive-Based Navigation System
- Front/Rear Sonar System
- Exterior Mirrors w/memory
- XM NavWeather
- 2-Position Driver Seat Memory
- 8" Color Touch Screen w/compass
- Bluetooth Streaming Audio
- Zagat Restaurant Guide
- Pwr Tilt/Telescopic Steering Column w/memory
- in-Dash DVD Player
- Aluminum Roof Rails
- Around View Monitor

**Deluxe Touring Pkg - K01**

- Quilted Leather-Appointed Seat Trim
- 20" 5-Spoke Aluminum-Alloy Wheels
- Climate-Controlled Front Seats
- Maple Wood Trim
- Tonneau Cover
- Aluminum Pedals
- P265/50VR20 All-Season Performance Tires

**OTHER OPTIONS**

- Splash Guards
- 50 State Emissions
- Cargo Net & First Aid Kit
- HomeLink Universal Garage Door Opener
- Pwr Folding Pwr Body Color Heated Mirrors w/Courtesy Lights
- 10-Way Pwr Driver Seat w/Pwr Lumbar
- ATTESA E-TS All-Wheel Drive w/Snow Mode
- Heated Front Bucket Seats w/Active Head Restraints
- 3.7L DOHC SMPI V6 Engine
- Leather Seat Trim
- 8-Way Pwr Passenger Seat
- Vehicle Speed-Sensitive Variable Pwr Rack & Pinion Steering
- Bluetooth Hands-Free Phone System -inc: Bluetooth Streaming Audio
- Dual Level Center Console w/12V Pwr Outlet, (2) Cup Holders
- 4-Wheel Pwr Vented Disc Brakes
- Rear Privacy Glass
- 
- Stainless Steel Rear Bumper Protector
- Stainless Steel Illuminated Kick Plates
- Dual-Stage Driver/Front Passenger Airbags w/Passenger Occupancy Sensor
- (4) Aux 12V Pwr Outlets
- Auto On/Off High Intensity Discharge (Hid) bi-Xenon Headlamps
- Integrated Front Fog Lights
- 60/40 Split Remote-Folding Reclining Rear Bench Seat
- Speed-Sensitive Variable Intermittent Front Wipers
- Bose Sound System -inc: AM/FM Stereo w/CD/MP3 Player, (9) Speakers, (2) subwoofers, Radio Data System (RDS), Speed-Sensitive Volume Control, Aux Audio Input Jack
- USB Connection Port w/Infiniti iPod Interface System
- Front Tow Hook
- P265/60VR18 All-Season Tires
- T175/90D18 Temporary Use Spare Tire
- Front/Rear Carpeted Floor Mats
- 18" x 8" Split 10-Spoke Silver-Painted Aluminum Alloy Wheels
- XM Satellite Radio

- 7-Speed Automatic Transmission w/OD -inc: Manual Shift Mode, Down Shift Rev-matching, Adaptive Shift Control (ASC)
- Vehicle Dynamic Control (VDC)
- Driver/Front Passenger Seat-Mounted Side-Impact Airbags
- Roof Mounted Front/Rear Curtain Side-Impact Airbags w/Rollover Sensor
- Auto-Dimming rearview Mirror w/Compass
- RearView Monitor
- Child Safety Rear Door Locks
- Tire Pressure Monitoring System
- Dual-Zone Auto Climate Control System
- Electric Rear Window Defroster w/Timer
- Dual Front Map Lights & Rear Reading Lights
- Manual Tilt/Telescoping Steering Wheel
- Leather-Wrapped Steering Wheel w/Cruise & Audio Controls
- Pwr Tilt/Sliding Tinted Glass Sunroof w/One-Touch Open/Close & Safety Reverse
- Vehicle Info System -inc: 7" LCD Screen w/Infiniti Controller, Trip Computer, Exterior Temp Display, Vehicle Maintenance Information
- Pwr Windows w/Front Auto up/Down & Safety Reverse
- Pwr Door Locks w/Selective Unlocking
- Intelligent Key System w/Remote Keyless Entry, Push Button Ignition
- Cruise Control
- Pwr Cargo Door Release w/Electric Closure Assist
- Vehicle Security System w/Vehicle Immobilizer
- Rear Seat HVAC Vents
- Dual Illuminated Visor Vanity Mirrors w/Sunshade Extensions
- 4-Wheel Anti-Lock Braking System (ABS)
- Electric Brake Force Distribution (EBD) w/Brake Assist
- Traction Control System (TCS)

**VIN: JN8CS1MW8DM170265, Work Order: 1589331**












MFD BY NISSAN MOTOR CO.,LTD.
DATE 06/12
GVWR/PNBV 5519 LBS.
GAWR/PNBE FR. 2622 LBS.
WITH P265/50R20 TIRES,
20X8J RIMS.AT 33 PSI
COLD SINGLE.
GAWR/PNBE RR. 2915 LBS.
WITH P265/50R20 TIRES,
20X8J RIMS.AT 33 PSI
COLD SINGLE.
THIS VEHICLE CONFORMS
TO ALL APPLICABLE FED-
ERAL MOTOR VEHICLE SA-
FETY AND THEFT PREVEN-
TION STANDARDS IN EFF-
ECT ON THE DATE OF MA-
NUFACTURE SHOWN ABOVE.
VIN: JN8CS1MW8DM170265
TYPE: MPV
COLOR TRIM TRANS
QAA G RE7R01A
AXLE ENGINE
RC38 VQ37(VHR) 3696CC
JN8CS1MW8DM170265


FX37

# EXHIBIT B

# Manheim

## Vehicle Condition Grading Scale

| Grade | Body Defects | Previous Repairs | Parts | Interior | Frame | Powertrain | Acces. | Fluids | Tires |
|---|---|---|---|---|---|---|---|---|---|
| 5 Extra Clean | PDR Only | High Quality | Ok | No Damage | Ok (No Previous) | Ok | Ok | Full/Clean | Near New |
| 4 Clean | Minor Defects | High Quality | Minor Missing | Minimal Wear | Ok (No Previous) | Ok | Ok | May Need Service | Good |
| 3 Average | Some Repairs | Acceptable Quality | Missing Broken | Normal Wear | Ok (No Previous) | Ok | Minor Repairs | May Need Service | Average |
| 2 Below Average | Substantial Repairs | Substandard | Missing Broken | Worn, Burns, Cuts, Stains | Possible Previous Substandard Repair | Operable, Poor Condition | Some Inoperable | Low/Dirty | Worn |
| 1 Rough | Existing Collision Damage | Poor | Missing Broken | Worn, Burns, Cuts, Stains | Probable Damage | Runs Under Own Power | Many Inoperable | Low/Dirty | Worn |
| 0 Extra Rough | Scrap-Parts? | Poor | Missing Broken | Severe Damage | Bent | Inoperable | Inoperable | Low/Dirty | Flat |

Manheim Inspections

CONSISTENCY. ACCURACY. DELIVERED.

# MANHEIM

## VEHICLE CONDITION GRADING SCALE

**Grade 5, Extra Clean** – Vehicle is in excellent condition, with only minor defects in panel surfaces as noted in the condition information for each vehicle. The body panels require no conventional body or paint work, but may have had limited high quality repairs performed. There are no missing, broken, or damaged parts that require replacement. The interior compartment has no cuts, tears or burns that require repair and does not show signs of wear. The vehicle's frame/structure has not been repaired or altered, and is expected to measure to published specifications. Vehicle is mechanically sound and all accessories are operable. All fluid levels are full and clean; all tires will be near new or better.

**Grade 4, Clean** – A better than average unit with minor chips or scratches in panel surfaces as noted in the condition information for each vehicle. This vehicle may require minor conventional body and paint work or removal of small dents that have not broken the paint using Paintless Dent Repair. The body of the vehicle may have had high quality conventional repairs. A minor missing or broken part may require replacement as noted. The interior is clean and will show minimal wear. The vehicle may have sustained cosmetic or light collision damage and been repaired to collision industry standards. The frame/structure has not been damaged or repaired and is expected to measure to published specifications. Vehicle is mechanically sound, and all accessories are operable. Vehicle may need fluids serviced, or tires rotated. Only scheduled maintenance will be necessary. Tires will be good or better.

**Grade 3, Average** – The average vehicle will have normal wear and tear (for example, parking lot dings, small scratches, chips and/or minor broken parts). It may require some conventional body and paint work or replacement or parts as noted in the condition information for each vehicle. The interior will show signs of normal wear and usage, requiring repair or replacement of parts as noted. Prior repairs may have been performed on this vehicle at an acceptable quality level. The vehicle may have sustained cosmetic or light collision damage and been repaired to collision industry standards. The frame/structure has not been damaged or repaired and is expected to measure to published specifications. Vehicle is mechanically sound, but may require maintenance or minor repair accessories. The fluid level may be low or require replacement. Tires will be average or better.

**Grade 2, Below Average** – Vehicle shows signs of abnormal wear and tear. The body has dents, scratches, and body panels that may require replacement as noted in the condition information for each vehicle. Broken and missing parts are to be expected. The interior shows signs of excess wear with burns, cuts or tears, and non-removable stains as noted. This vehicle may have multiple prior repairs performed at substandard levels, which may include repaired or unrepaired collision and/or frame/structure damage. The frame/structure is not expected to measure to published specifications. Vehicle may have mechanical damage that prohibits vehicle from operating properly. Repairs can be made, but engine and/or transmission may be in poor condition. Operability of accessories is questionable. Fluids are low or require replacement. Worn tires are to be expected.

**Grade 1, Rough** – This vehicle has been severely abused or has sustained major collision damage, but may be drivable. It is cost prohibitive to extensively recondition this vehicle by automotive industry standards. The frame/structure is not expected to measure to published specifications. Although operable, this vehicle is near the end of its useful life. Operability of accessories is doubtful.

**Grade 0, Extra Rough** – Vehicle is inoperative. Unit is good for parts only. Mechanical and body parts may be inoperable, disconnected, damage or missing.

## CERTIFICATE OF SERVICE

I, Peter S. Lubin, the undersigned attorney, hereby certify that I served a true and correct copy of the foregoing PLAINTIFF'S SECOND SET OF REQUESTS TO ADMIT TO DEFENDANTS upon

Joel A. Brodsky
Law Office of Joel A. Brodsky
8 S. Michigan Ave., Suite 3200
Chicago, IL 60603
jbrodsky@joelbrodskylaw.com

via e-mail.

Dated: August 22, 2016

/s/ Peter Lubin

# EXHIBIT 2

Case 1:16-cv-04182 Document #: 8 Filed: 11/06/16 Page 1 of 8 PageID #:75

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DONALDSON TWYMAN,<br>Plaintiff, | ) ) | |
| | ) | No. 16−cv−04182 |
| v. | ) | Honorable Virginia Kendall |
| | ) | |
| S&M AUTO BROKERS, INC., SAED IHMOUD and MOHAMMAD IHMOUD,<br>Defendants. | ) ) ) | Magistrate Judge Sheila Finnegan |

# ANSWER TO PLAINTIFF'S SECOND SET OF REQUESTS TO ADMIT TO DEFENDANTS

Defendants, S&M Auto Brokers, Inc., Saed Ihmoud and Mohammad Ihmoud, by his undersigned attorneys, pursuant to Rules 26 and 36 oft he Federal Rules of Civil Procedure answers the following Requests to Admit upon served upon the Defendants. As follows:

## ANSWER TO REQUESTS TO ADMIT

1. Exhibit A is a true and correct copy of the Manheim Auction listing for the subject vehicle to which S&M had access on a its computer screen via the internet prior to its purchase of the subject vehicle at auction.

**ANSWER:** Defendant can neither admit nor deny the fact requested to be admitted in paragraph 1 of the Plaintiffs Second Request To Admit as they have no personal knowledge of the truth or falsity of the fact requested to be admitted.

2. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 2 as it is a duplication of Plaintiffs First Request To Admit number 11.

3. Manheim listing for the subject vehicle provided S&M with a link from which it could view the definitions for Manheims grading scale contained in Exhibit B.

**ANSWER:** Defendant can neither admit nor deny the fact requested to be admitted in paragraph 3 of the Plaintiffs Second Request To Admit as they have no personal knowledge of the truth or falsity of the fact requested to be admitted.

4. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 4 as it is a duplication of Plaintiffs First Request To Admit number 6.

5. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 5 as it is a duplication of Plaintiffs First Request To Admit number 11.

6. Prior to its purchase of the subject vehicle at Manheim auction, S&M reviewed the Manheim listing for the subject vehicle via the internet on a computer screen.

**ANSWER**: Defendant denies the fact requested to be admitted in paragraph 6 of the Plaintiffs Second Request To Admit.

7. Prior to its purchase of the subject vehicle at Manheim auction, S&M reviewed the Manheim listing for the subject vehicle via the internet on a cell phone screen.

**ANSWER:** Defendant denies the fact requested to be admitted in paragraph 7 of the Plaintiffs Second Request To Admit.

8, 9, 10, 11 and 12. Defendant **objects** to Plaintiffs Second Set of Requests to Admit 8, 9, 10, 11 and 12 as they are duplicative and are duplicative of Plaintiffs First Request To Admit number 10.

13. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 13 as it is a duplication of Plaintiffs First Request To Admit number 6
.

14. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 14 as it is a duplication of Plaintiffs First Request To Admit number 7.

15. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 15 as it is a duplication of Plaintiffs First Request To Admit number 7.

16. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 16 as it is a duplication of Plaintiffs First Request To Admit numbers 6 and 7.

17. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 17 as it is a duplication of Plaintiffs First Request To Admit numbers 6 and 7.

18. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 18 as it is a duplication of Plaintiffs First Request To Admit numbers 6 and 7.

19. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 19as it is a duplication of Plaintiffs First Request To Admit numbers 6 and 7.

20. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 20 as it is a duplication of Plaintiffs First Request To Admit numbers 6 and 7.

21. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 21 as it is a duplication of Plaintiffs First Request To Admit numbers 6 and 7.

22. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 22 as it is a duplication of Plaintiffs First Request To Admit number 9.

23. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 23 as it is a duplication of Plaintiffs First Request To Admit number 9.

24. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 24 as it is a duplication of Plaintiffs First Request To Admit number 9.

25. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 25 as it is a duplication of Plaintiffs First Request To Admit number 9.

26. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 26 as it is a duplication of Plaintiffs First Request To Admit number 9.

27. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 27 as it is a duplication of Plaintiffs First Request To Admit number 9.

28. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 28 as it is a duplication of Plaintiffs First Request To Admit number 9.

29. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 29 as it is a duplication of Plaintiffs First Request To Admit number 9.

30. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 30 as it is a duplication of Plaintiffs First Request To Admit number 9.

31. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 31 as it is a duplication of Plaintiffs First Request To Admit numbers 6 and 7.

32. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 32 as it is a duplication of Plaintiffs First Request To Admit number 6 and 7.

33. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 33 as it is a duplication of Plaintiffs First Request To Admit number 9.

34. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 34 as it is a duplication of Plaintiffs First Request To Admit number 31.

35. S&M did not state to Plaintiff orally or in writing prior to his purchase of the subject vehicle that it had frame damage.
**ANSWER:** Defendant can neither admit nor deny the fact requested to be admitted in paragraph 35 of the Plaintiffs Second Request To Admit as the request assumes that the vehicle sold to Plaintiff had frame damage prior to being sold to him, and the car sold to Plaintiff did not have frame damage prior to it being sold to Plaintiff.

36. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 36 as it is a duplication of Plaintiffs First Request To Admit number 34.

37. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 34 as it is a duplication of Plaintiffs First Request To Admit number 30.

38. S&M did not state to Plaintiff orally or in writing prior to his purchase of the subject vehicle that the subject vehicle had the condition issues that are associated with a grade of “Rough” from Manheim
**ANSWER:** Defendant can neither admit nor deny the fact requested to be admitted in paragraph 38 of the Plaintiffs Second Request To Admit as the request assumes that the vehicle sold to Plaintiff had condition issues that are associated with a grade of “Rough” from Manheim, which it did not.

39. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 39 as it is a duplication of Plaintiffs aforesaid Second Request To Admit number 35.

40. S&M did not state to Plaintiff orally or in writing prior to his purchase of the subject vehicle that the subject vehicle needed the repairs listed in Exhibit A.
**ANSWER:** Defendant can neither admit nor deny the fact requested to be admitted in paragraph 40 of the Plaintiffs Second Request To Admit as the request assumes that the vehicle sold to Plaintiff needed the repairs listed in Exhibit A, which it did not.

41. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 41 as it is a duplication of Plaintiffs First Request To Admit number 32.

42. S&M did not state to Plaintiff orally or in writing prior to his purchase of the subject vehicle that the subject vehicle had any of the condition issues listed in Exhibit A hereto..
**ANSWER:** Defendant can neither admit nor deny the fact requested to be admitted in paragraph 40 of the Plaintiffs Second Request To Admit as the request assumes that the vehicle sold to Plaintiff had any of the condition issues listed in Exhibit A hereto, which it did not.

43. Prior to selling the subject vehicle to Plaintiff, S&M did not inspect the subject vehicle for safety issues.
**ANSWER:** Defendant denies the fact requested to be admitted in paragraph 43 of the Plaintiffs Second Request To Admit.

44. Defendant **objects** to Plaintiffs Second Set of Requests to Admit number 44 as it is a duplication of Plaintiffs First Request To Admit numbers 34 and 35.

45. Prior to selling the subject vehicle to Plaintiff, S&M did not inspect the subject vehicle for frame damage.
**ANSWER:** Defendant denies the fact requested to be admitted in paragraph 45 of the Plaintiffs Second Request To Admit.

46. Prior to selling the subject vehicle to Plaintiff, S&M did not inspect the subject vehicle for condition issues.
**ANSWER:** Defendant denies the fact requested to be admitted in paragraph 46 of the Plaintiffs Second Request To Admit.

47. In is not S&M's routine practice to inspect cars for safety issues before selling them.
**ANSWER:** Defendant denies the fact requested to be admitted in paragraph 47 of the Plaintiffs Second Request To Admit.

48. In is not S&M's routine practice to inspect cars for frame damage before selling them.
**ANSWER:** Defendant denies the fact requested to be admitted in paragraph 48 of the Plaintiffs Second Request To Admit.

/s/ Joel A. Brodsky
Attorney for Defendant

**Joel A. Brodsky**
Attorney for Defendants
8 S. Michigan Ave., Suite 3200
Chicago IL 60603
(312) 541-7000
jbrodsky@joelbrodskylaw.com

Under the penalties perjury, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Mohammad Ihmoud, for S&M Auto Brokers, Inc.,

**Joel A. Brodsky**
Attorney for Defendants
8 S. Michigan Ave.
Suite 3200
Chicago Illinois 60603
(312) 541-7000
jbrodsky@joelbrodskylaw,com

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that the following statements set forth in this instrument are true and correct: that I caused to be served the above and foregoing Answer to Plaintiffs Second Request To Admit Facts via e-mail to all parties of record on the 8th day of November, 2016 before 12:00 midnight

Defendants

By: /s/ Joel A. Brodsky
Their Attorney

**Joel A. Brodsky**
Attorney for Defendants
8 S. Michigan Ave.
Suite 3200
Chicago Illinois 60603
(312) 541-7000
jbrodsky@joelbrodskylaw.com

# EXHIBIT 3

Case 1:16-cv-04182 Document #: 27 Filed: 09/16/16 Page 1 of 3 PageID #:2016

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONALDSON TWYMAN,<br>Plaintiff,<br><br>v.<br><br>S&M AUTO BROKERS, INC., SAED IHMOUD and MOHAMMAD IHMOUD,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 16−cv−04182<br>Honorable Virginia Kendall<br><br>Magistrate Judge Sheila Finnegan |

## ANSWER TO PLAINTIFF'S FIRST SET OF REQUESTS TO ADMIT TO DEFENDANTS

Defendants, S&M Auto Brokers, Inc., Saed Ihmoud and Mohammad Ihmoud, by his undersigned attorneys, pursuant to Rules 26 and 36 oft he Federal Rules of Civil Procedure answers the following Requests to Admit upon served upon the Defendants. As follows:

### ANSWER TO REQUESTS TO ADMIT

1. Exhibit A is a true and correct copy of the Manheim Auction listing.
**ANSWER:** Defendant can neither admit nor deny the fact requested to be admitted in paragraph 1 of the Plaintiffs Request To Admit as they have no personal knowledge of the truth or falsity of the fact requested to be admitted.

2. The information regarding the condition of the subject vehicle set forth in Exhibit A is truthful and accurate.
**ANSWER**: Defendant can neither admit nor deny the fact requested to be admitted in paragraph 2 of the Plaintiffs Request To Admit as they have no personal knowledge of the truth or falsity of the fact requested to be admitted.

3. Defendants have no information which would call into question the accuracy of the rating for the subject vehicle contained in the Manheim Auction listing attached hereto as Exhibit A.
**ANSWER:** Defendant can neither admit nor deny the fact requested to be admitted in paragraph 3 of the Plaintiffs Request To Admit as they have no personal knowledge of the truth or falsity of the fact requested to be admitted.

4. The 1.9 rating for the subject vehicle contained in Exhibit A is truthful and accurate.
**ANSWER:** Defendant can neither admit nor deny the fact requested to be admitted in paragraph 4 of the Plaintiffs Request To Admit as they have no personal knowledge of the truth or falsity of the fact requested to be admitted.

5. The evaluation of the subject vehicle as being in "Rough" condition in Exhibit A is truthful and accurate.

**ANSWER:** Defendant can neither admit nor deny the fact requested to be admitted in paragraph 5 of the Plaintiffs Request To Admit as they have no personal knowledge of the truth or falsity of the fact requested to be admitted.

6. Manheim notified S&M in the auction listing for the subject vehicle that it had a grade of 1.9 out of 5.

**ANSWER**: Defendant admits the fact requested to be admitted in paragraph 6 of the Plaintiffs Request To Admit.

7. Manheim notified S&M in the auction listing for the subject vehicle that it was in "Rough" condition.

**ANSWER:** Defendant admits the fact requested to be admitted in paragraph 7 of the Plaintiffs Request To Admit, to the extent that the subject vehicle was listed as having a grade of 1.9 Rough and therefore was closer to Below Average than Rough.

8. Manheim notified S&M in the auction listing for the subject vehicle of certain condition issues and needed repairs as set forth in Exhibit B, attached hereto.

**ANSWER:** Defendant denies the fact requested to be admitted in paragraph 8 of the Plaintiffs Request To Admit.

9. Exhibit C attached hereto is a Manheim Auction document providing Manheim's definition of its "Rough" grade for a used car.

**ANSWER:** Defendant admits the fact requested to be admitted in paragraph 9 of the Plaintiffs Request To Admit.

10. S&M has purchased well over 500 vehicles from Manheim Auction.

**ANSWER:** Defendant denies the fact requested to be admitted in paragraph 10 of the Plaintiffs Request To Admit.

11. S&M, at all relevant times, has had access to Manheim's definition of a "Rough" grade car as defined in Exhibit C.

**ANSWER:** Defendant admits the fact requested to be admitted in paragraph 11 of the Plaintiffs Request To Admit.

12. Mary Tate alleged in a lawsuit against S&M that S&M sold her a prior accident damaged automobile with disclosing the prior accident.

**ANSWER:** Defendant admits the fact requested to be admitted in paragraph 12 of the Plaintiffs Request To Admit, but denies the allegation is true.

13. Mary Tate alleged in a lawsuit that S&M sold her a prior accident damaged automobile with disclosing the prior accident damage.

**ANSWER**: Defendant denies the fact requested to be admitted in paragraph 13 of the Plaintiffs Request To Admit.

14. S&M did not disclose to Mary Tate that the vehicle she purchased from S & M had been in an accident.

**ANSWER:** Defendant can neither admit nor deny the fact requested to be admitted in paragraph 14 of the Plaintiffs Request To Admit as the request assumes that the vehicle sold to Mary Tate hand been in an accident prior to being sold to her, and the car sold to Mary Tate has not been in an accident prior to it being sold to her.

15. S&M did not disclose to Mary Tate that the vehicle she purchased from S & M had been listed by the auction where S&M purchased it as having frame damage.

**ANSWER**: Defendant denies the fact requested to be admitted in paragraph 15 of the Plaintiffs Request To Admit as the request to admit assumes that the car that Mary Tate purchased had frame damage.

16. The vehicle S&M sold to Mary Tate had accident damage at the time of sale to her.

**ANSWER**: Defendant denies the fact requested to be admitted in paragraph 16 of the Plaintiffs Request To Admit.

17. The vehicle S&M sold Mary Tate had been in accident prior to her purchase of it from S&M.

**ANSWER**: Defendant denies the fact requested to be admitted in paragraph 17 of the Plaintiffs Request To Admit.

18. Mary Tate obtained a jury verdict in her favor on her common law fraud claim against S&M.

**ANSWER**: Defendant admits the fact requested to be admitted in paragraph 18 of the Plaintiffs Request To Admit but further states that no judgment has been entered on this verdict, and as of the time of this answer, post-trial motions are pending.

19. The jury awarded Mary Tate $40,000 in punitive damages on her common law fraud claim against S&M.

**ANSWER**: Defendant admits the fact requested to be admitted in paragraph 19 of the Plaintiffs Request To Admit but further states that no judgment has been entered on this verdict, and as of the time of this answer, post-trial motions are pending.

20. Carmen Romo alleged in a lawsuit against S&M that S&M sold her a prior accident damaged automobile with disclosing the prior accident.

**ANSWER**: Defendant denies the fact requested to be admitted in paragraph 20 of the Plaintiffs Request To Admit, as the case has been settled and the complaint dismissed with prejudice without there being any admission of liability. See Federal Rule of Evidence 408.

21. Carmen Romo alleged in a lawsuit that S&M sold her a prior accident damaged automobile with disclosing the prior accident damage.

**ANSWER:** Defendant denies the fact requested to be admitted in paragraph 21 of the Plaintiffs Request To Admit, as the case has been settled and the complaint dismissed with prejudice without there being any admission of liability. See Federal Rule of Evidence 408.

22. S&M did not disclose to Carmen Romo that the vehicle she purchased from S & M had been in an accident.

**ANSWER:** Defendant denies the fact requested to be admitted in paragraph 22 of the Plaintiffs Request To Admit, as the case has been settled and the complaint dismissed with prejudice without there being any admission of liability. See Federal Rule of Evidence 408.

23. The vehicle S&M sold to Carmen Romo had accident damage at the time of sale to her.

**ANSWER:** Defendant denies the fact requested to be admitted in paragraph 23 of the Plaintiffs Request To Admit, as the case has been settled and the complaint dismissed with prejudice without there being any admission of liability. See Federal Rule of Evidence 408.

24. The vehicle S&M sold Carmen Romo had been in accident prior to her purchase of it from S&M.

**ANSWER:** Defendant denies the fact requested to be admitted in paragraph 24 of the Plaintiffs Request To Admit, as the case has been settled and the complaint dismissed with prejudice without there being any admission of liability. See Federal Rule of Evidence 408.

25. Joshua Burgess alleged in a lawsuit against S&M that S&M sold her a prior accident damaged automobile with disclosing the prior accident.

**ANSWER:** Defendant admits the fact requested to be admitted in paragraph 25 of the Plaintiffs Request To Admit.

26. Joshua Burgess alleged in a lawsuit that S&M sold her a prior accident damaged automobile with disclosing the prior accident damage.

**ANSWER:** Defendant admits the fact requested to be admitted in paragraph 26 of the Plaintiffs Request To Admit.

27. S&M did not disclose to Joshua Burgess that the vehicle she purchased from S & M had been in an accident.

**ANSWER:** Defendant denies the fact requested to be admitted in paragraph 27 of the Plaintiffs Request To Admit as the request to admit assumes that the car that Joshua Burgess purchased had been in an accident.

28. The vehicle S&M sold to Joshua Burgess had accident damage at the time of sale to her.

**ANSWER:** Defendant denies the fact requested to be admitted in paragraph 28 of the Plaintiffs Request To Admit

29. The vehicle S&M sold Joshua Burgess had been in accident prior to her purchase of it from S&M.

**ANSWER:** Defendant denies the fact requested to be admitted in paragraph 29 of the Plaintiffs Request To Admit.

30. S&M did not disclose to Plaintiff prior to his purchase of the subject vehicle that Manheim had graded it in "Rough" condition.

**ANSWER:** Defendant admits the fact requested to be admitted in paragraph 30 of the Plaintiffs Request To Admit, and further states that the car was graded as 1.9, which is closer to below average then rough.

31. S&M did not disclose to Plaintiff prior to his purchase of the subject vehicle that the subject vehicle had been in an accident.

**ANSWER:** Defendant can neither admit nor deny the fact requested to be admitted in paragraph 31 of the Plaintiffs Request To Admit as the request assumes that the vehicle sold to Plaintiff had been in an accident prior to being sold to him, and the car sold to Plaintiff has not been in an accident prior to it being sold to Plaintiff.

32. S&M did not disclose to Plaintiff prior to his purchase of the subject vehicle that had substandard body work.

**ANSWER:** Defendant can neither admit nor deny the fact requested to be admitted in paragraph 31 of the Plaintiffs Request To Admit as the request assumes that the vehicle sold to Plaintiff had substandard body work prior to being sold to him, and the car sold to Plaintiff did not have substandard body work prior to it being sold to Plaintiff.

33. S&M did not disclose to Plaintiff prior to his purchase of the subject vehicle that the subject vehicle needed over $4,000 in body work and repairs and new tires.

**ANSWER:** Defendant can neither admit nor deny the fact requested to be admitted in paragraph 33 of the Plaintiffs Request To Admit as the request assumes that the vehicle sold to Plaintiff needed over $4000 in body work prior to being sold to him, and further the car was sold to Plaintiff in an “as is” transaction.

34. S&M did not disclose to Plaintiff prior to his purchase of the subject vehicle that certain tires on the subject vehicle needed to be replaced.

**ANSWER:** Defendant admits the fact requested to be admitted in paragraph 30 of the Plaintiffs Request To Admit, and further the car was sold to Plaintiff in an “as is” transaction.

35. S&M did not disclose to Plaintiff prior to his purchase of the subject vehicle that the tires did not meet safety standards under 625 ILCS 5/12-405 for tires.

**ANSWER:** Defendant can neither admit nor deny the fact requested to be admitted in paragraph 35 of the Plaintiffs Request To Admit as the request assumes that the vehicle sold to Plaintiff had tires that did not meet the safety standards of 625 ILCS 5/12-405 prior to being sold to him, and the car sold to Plaintiff did met the safety standards of 625 ILCS 5/12-405 prior to it being sold to Plaintiff.

36. S&M did not disclose to Plaintiff prior to his purchase of the subject vehicle that did not meet safety standards under 625 ILCS 5/2-101(a).

**ANSWER:** Defendant can neither admit nor deny the fact requested to be admitted in paragraph 35 of the Plaintiffs Request To Admit as the request assumes that the vehicle sold to Plaintiff not meet the safety standards of 625 ILCS 5/2-101(a) prior to being sold to him, and the car sold to Plaintiff did met the safety standards of 625 ILCS 5/2-101(a) prior to it being sold to Plaintiff.

37. In trial testimony in *Mary Tate* v. *S&M Auto*, 2014 MI-123391, Circuit Court of Cook County, S&M's representative was asked to disclose customer lawsuits or arbitrations brought against it.

**ANSWER:** Defendant can neither admit nor deny the fact requested to be admitted in paragraph 37 of the Plaintiffs Request To Admit as none of its officers or agents have an independent recollection as to whether or not this question was asked at the trial of *Mary Tate* v. *S&M Auto*, 2014 MI-123391.

38. In *Mary Tate* v. *S&M Auto*, S&M did not disclose the existence of the arbitration demand in this case when questioned on the subject at trial.

**ANSWER:** Defendant can neither admit nor deny the fact requested to be admitted in paragraph 38 of the Plaintiffs Request To Admit as none of its officers or agents have an independent recollection as to whether or not this question was asked at the trial of *Mary Tate* v. *S&M Auto*, 2014 MI-123391.

/s/ Joel A. Brodsky
Attorney for Defendant

**Joel A. Brodsky**
Attorney for Defendants
8 S. Michigan Ave., Suite 3200
Chicago IL 60603
(312) 541-7000
jbrodsky@joelbrodskylaw.com

Under the penalties perjury, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Mohammad Ihmoud, for S&M Auto Brokers, Inc.,

**Joel A. Brodsky**
Attorney for Defendants
8 S. Michigan Ave.
Suite 3200
Chicago Illinois 60603
(312) 541-7000
jbrodsky@joelbrodskylaw,com

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that the following statements set forth in this instrument are true and correct: that I caused to be served the above and foregoing Answer to Plaintiffs Request For Production via e-mail to all parties of record on the 18th day of August, 2016 before 12:00 midnight

Defendants

By: /s/ Joel A. Brodsky
Their Attorney

**Joel A. Brodsky**
Attorney for Defendants
8 S. Michigan Ave.
Suite 3200
Chicago Illinois 60603
(312) 541-7000
jbrodsky@joelbrodskylaw.com

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONALDSON TWYMAN,<br>Plaintiff,<br><br>v.<br><br>S&M AUTO BROKERS, INC., SAED IHMOUD AND MOHAMMED IHMOUD,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 16-cv-04182<br><br>Honorable Virginia Kendall<br><br>Magistrate Judge Sheila Finnegan |

**AFFIDAVIT OF MIKE WEBER**

Mike Weber, being duly sworn, deposes and states that if called to testify in this matter, he would competently testify to the following based on personal knowledge:

1. I am employed by Manheim Arena Illinois ("Manheim"), a wholesale motor vehicle auction, as Assistant General Manager. I have been employed by Manheim from 1989 to the present. In the course of my employment at Manheim, I am familiar with the information Manheim and sellers at Manheim routinely make available online to potential auction purchasers, including the inSight Condition Reports. Furthermore, I am aware of the general vehicle grading framework used in the inSight reports.

2. Attached hereto as Exhibit A is a true and correct copy of the inSight report (the "Report") for a 2013 Infiniti FX37, VIN JN8CS1MW8DM170265 (the "Vehicle"), which was purchased by S&M Auto Brokers, Inc. ("S&M Auto") from another dealer at Manheim Arena Illinois on or about August 4, 2015 (the "Sale"). The Report was available online to all prospective buyers, including S&M Auto, leading up to the Sale. The Report shows that the Vehicle received a pre-auction condition grade of "1.9 Rough."

3. Below the grade on Exhibit A is a hyper-text link which, if selected, directs the user to a page which provides further explanation of the grades. A true and correct copy of such

explanatory page is attached hereto as Exhibit B. This page shows that vehicles receiving a grade of 1-1.9 are generally described as "Rough," and that vehicles receiving a grade of 2-2.9 are generally described as "Below Average."

FURTHER AFFIANT SAYETH NOT.

Mike Weber
Assistant General Manager
Manheim Arena Illinois

Sworn to and subscribed before me
this 21 day of September, 2016

NOTARY PUBLIC

My Commission Expires: 10.17.18

"OFFICIAL SEAL"
Timothy R. O'Hagan
Notary Public, State of Illinois
My Commission Expires Oct. 17, 2018

**EXHIBIT A**

inSight ECR
powered by Manheim

Learn More

MANHEIM ARENA ILLINOIS
200 W. OLD CHICAGO DRIVE
BOLINGBROOK, IL 60440
(630)759-3800

## VEHICLE DETAILS - 2013 INFINITI FX37 AWD

| | | | | | |
|---|---|---|---|---|---|
| VIN: | JN8CS1MW8DM170265 | Body Style: | SUV | Top Type: | Moon Roof |
| Ext Color: | WHITE- QAA | Int Color: | BLK- G | Odometer: | 17,137 |
| Work Order: | 1589331 | Seller: | TDAF REMARKETING | Received Date: | 07/27/2015 |
| Sale Number: | 32 | Lane Number: | 7 | Run Number: | 92 |
| Inspector: | JBANKS2 07/28/2015 | InService Date: | N/A | | |



GRADING

Auto Grade

Grade 1.9 **Rough**

More About Auto Grade

- **MSRP**-Not Available
- **Engine Starts**-Yes
- **Drivable**-Yes

*Process protected under U.S. Patent No. 8,320,362

## VALUE ADDED OPTIONS

- Back-Up Camera
- Bluetooth Connection
- Cooled Front Seat(s)
- Dual Zone A/C
- HID Headlights
- Heated Seats-Front(s)
- Leather Seats
- Moonroof
- Navigation System
- Rear Parking Aid
- Satellite Radio - XM
- Seat Memory

## VEHICLE INFORMATION

### OPTIONS

- 50 State Emissions
- A/C
- ABS Brakes
- Automatic Headlights
- Auxiliary Pwr Outlet
- CD Player
- Child Safety Locks
- Cruise Control
- Daytime Running Lights
- Dual Air Bags
- Fog Lamps
- Front Floor Mats
- Front Reading Lamps
- Intermittent Wipers
- Keyless Entry
- Keyless Start
- Leather Steering Wheel
- Park Assist
- Power Folding Mirrors
- Power Locks
- Power Mirrors
- Power Telescopic Steering
- Power Tilt Steering
- Power Trunk Release
- Power Windows
- Privacy Glass
- Push Button Start
- Pwr Seats - Both
- Pwr Steering
- Rear Defrost
- Rear Floor Mats
- Rear Reading Lamps
- Remote Trunk Release
- Security System
- Side Air Bags
- Steering Wheel Audio Control
- Tire Pressure Monitor System
- Traction Control
- Trip Computer
- Trip Counter
- US EPA Label
- Universal Garage Door Opener

### MECHANICAL

- 6 Cylinder Gas
- Automatic
- AWD
- Pwr Brakes
- Automatic Transmission
- 3 7 L

### INTERIOR

- Odometer - 6 Digits Digital -Operable
- Regular Dash
- Leather - G
- Int Odor: OK

### TIRES AND WHEELS

Tire Condition: Wheels: Alloy

| Tire | Tread Depth | Brand | Size |
|---|---|---|---|

### KEYS

- Remote Key/Fob - 1

### OTHER



MRI000017

| | | | | |
|---|---|---|---|---|
| Left Front: | 9/32" | IOTA | 265/50R20 | |
| Left Rear: | 9/32" | IOTA | 265/50R20 | |
| Right Front: | 6/32" | BRIDGESTONE | 265/50R20 | |
| Right Rear: | 5/32" | BRIDGESTONE | 265/50R20 | |
| Spare: | N/A | (Mini) | N/A | |

- Title State: VA
- Title Received Date: 08/05/2015
- Org Mfg Basic Warranty: 4 Years/60,000 Miles
- Org Mfg Powertrain Warranty: 6 Years/70,000 Miles

*Manheim is not responsible for voided warranties

ADDITIONAL INFORMATION

BRIAN SCOTT AUTOS/GL/TA,,

CHARGEABLES

| HIDE | PIC | LINE | ITEM DESCRIPTION | CONDITION | SEVERITY | SUGGESTED REPAIR | TOTAL LABOR HOURS | COST | REPAIRED |
|---|---|---|---|---|---|---|---|---|---|
| | | 0021 | Front Bumper Cover | Misaligned | Repair Required | Align/Adjust | 1.00 | $40.00 | |
| |  | 0021 | Front Bumper Cover | Prev Repair | SubStd Sand Marks | Repair | 7.90 | $316.00 | |
| | | 0050 | Hood | Misaligned | Repair Required | Align/Adjust | 1.00 | $40.00 | |
| |  | 0050 | Hood | Prev Repair | SubStd Sand Marks | Repair | 7.80 | $312.00 | |
| |  | 0060 | Roof | Dent/No Paint Dmg | GR 12" | Repair | 13.30 | $532.00 | |
| | | 0060 | Right Drip Rail | Dent/No Paint Dmg | PDR/2 | PDR | .00 | $45.00 | |
| |  | 0110 | LF Fender | Prev Repair | SubStd Dirt | Repair | 6.90 | $276.00 | |
| | | 0110 | LF Fender Molding | Loose | Repair Required | Align/Adjust | 1.00 | $40.00 | |
| | | 0120 | LF Wheel | Curb Rash | 5" to 6" | Repair | .00 | $65.00 | |
| |  | 0120 | LF Tire | Cut | Replacement Required | Replace | .00 | $261.00 | |
| |  | 0130 | LF Door | Prev Repair | SubStd Dirt | Repair | 7.10 | $284.00 | |
| |  | 0160 | LR Door | Prev Repair | SubStd Wavy | Repair | 7.10 | $284.00 | |
| |  | 0180 | L Qtr Panel | Prev Repair | SubStd Wavy | Repair | 7.10 | $284.00 | |
| | | 0190 | LR Wheel | Curb Rash | 5" to 6" | Repair | .00 | $65.00 | |
| |  | 0241 | Rear Bumper Cover | Prev Repair | SubStd Sand Marks | Repair | 7.90 | $316.00 | |
| |  | 0241 | R Bumper Cover Lower | Scratch Heavy | 8" to 9" | Replace | .10 | $282.17 | |
| |  | 0310 | RF Fender | Prev Repair | SubStd Wavy | Repair | 6.90 | $276.00 | |
| | | 0320 | RF Wheel | Curb Rash | 5" to 6" | Repair | .00 | $65.00 | |
| |  | 0330 | RF Door | Prev Repair | SubStd Wavy | Repair | 7.10 | $284.00 | |
| |  | 0360 | RR Door | Prev Repair | SubStd Wavy | Repair | 7.10 | $284.00 | |
| |  | 0380 | R Qtr Panel | Prev Repair | SubStd Sand Marks | Repair | 7.10 | $284.00 | |
| | | 0390 | RR Wheel | Curb Rash | 5" to 6" | Repair | .00 | $65.00 | |
| | | 0450 | LF Carpet | Burn Hole | 3" to 4" | Replace | .00 | $100.00 | |
| | | 0480 | Warranty Books | Missing | Replacement Required | Replace | .00 | $15.00 | |
| | | 0480 | Owners manuals | Missing | | Replace | .00 | $15.00 | |

| HIDE | PIC LINE | | ITEM DESCRIPTION | CONDITION | SEVERITY | SUGGESTED REPAIR | TOTAL LABOR HOURS | COST | REPAIRED |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | | | | Replacement Required | | | | ☐ |
| ☐ | ☐ | 0480 | Maintenance Book | Missing | Replacement Required | Replace | .00 | $15.00 | ☐ |
| | | | | | | TOTALS | 96.40 | $4,845.17 | |

## NON-CHARGEABLES AND ADDITIONAL IMAGES

| HIDE | PIC LINE | | | ITEM DESCRIPTION | CONDITION | SEVERITY | SUGGESTED REPAIR | TOTAL LABOR HOURS | COST | REPAIRED |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ |  | 0000 | Overall Picture-FRONT/LFT FRNT | Overall Picture | | | .00 | $.00 | ☐ |
| ☐ | ☐ |  | 0000 | Overall Picture-REAR/RGT REAR | Overall Picture | | | .00 | $.00 | ☐ |
| ☐ | ☐ |  | 0000 | Overall Picture - Wheel | Overall Picture | | | .00 | $.00 | ☐ |
| ☐ | ☐ |  | 0000 | Overall Picture - Interior | Overall Picture | | | .00 | $.00 | ☐ |
| ☐ | ☐ |  | 0000 | Overall Picture - Dash | Overall Picture | | | .00 | $.00 | ☐ |
| ☐ | ☐ |  | 0000 | Overall Picture - Odometer | Overall Picture | | | .00 | $.00 | ☐ |
| ☐ | ☐ |  | 0000 | Overall Picture VIN/ID Sticker | Overall Picture | | | .00 | $.00 | ☐ |
| ☐ | ☐ |  | 0000 | Overall Picture - Cargo Area | Overall Picture | | | .00 | $.00 | ☐ |
| ☐ | ☐ | | 0010 | Windshield | Chipped | < 1/8" | No Action Required | .00 | $.00 | ☐ |
| ☐ | ☐ | | 0125 | L "B" Pillar | Dent/No Paint Dmg SEATBELT | < 1/8" | No Action Required | .00 | $.00 | ☐ |
| | | | | | | | TOTALS | .00 | $.00 | |

## REPAIRED

| HIDE | PIC LINE | ITEM DESCRIPTION | CONDITION | SEVERITY | SUGGESTED REPAIR | TOTAL LABOR HOURS | COST | REPAIRED |
|---|---|---|---|---|---|---|---|---|
| | | | | | TOTALS | .00 | $.00 | |

## RECON CHARGES

| DATE | QTY | PART | DESCRIPTION | RETAIL |
|---|---|---|---|---|
| 07/28/2015 | | | INSPECTION FEE | $35.00 |

## TOTAL CHARGES

| | |
|---|---|
| Chargeables | $4,845.17 |
| Non-Chargeables | $.00 |
| Repaired | $.00 |
| Deductibles | $.00 |
| Recon Charges | $35.00 |

**Total Charges** **$4,880.17**

MANUFACTURER PACKAGE INFORMATION

INFORMATION SET FORTH HEREIN IS BASED SOLELY ON INFORMATION PROVIDED BY THE VEHICLE MANUFACTURER AT THE TIME OF MANUFACTURE AND MAY NOT BE ACCURATE OR COMPLETE. MANHEIM HAS NOT UNDERTAKEN STEPS TO CONFIRM THE ACCURACY OF ANY SUCH INFORMATION, AND ANY INFORMATION DISCLOSED HEREIN IS PROVIDED "AS IS".

Open All Packages    Close All Packages

Premium Pkg - P01

- Reverse Tilt-Down Feature For Exterior Mirrors
- Voice Recognition For Audio & Navigation Controls
- XM NavTraffic
- Hard Drive-Based Navigation System
- Front/Rear Sonar System
- Exterior Mirrors w/memory
- XM NavWeather
- 2-Position Driver Seat Memory
- 8" Color Touch Screen w/compass
- Bluetooth Streaming Audio
- Zagat Restaurant Guide
- Pwr Tilt/Telescopic Steering Column w/memory
- in-Dash DVD Player
- Aluminum Roof Rails
- Around View Monitor

Deluxe Touring Pkg - K01

- Quilted Leather-Appointed Seat Trim
- 20" 5-Spoke Aluminum-Alloy Wheels
- Climate-Controlled Front Seats
- Maple Wood Trim
- Tonneau Cover
- Aluminum Pedals
- P265/50VR20 All-Season Performance Tires

OTHER OPTIONS

- Splash Guards
- 50 State Emissions
- Cargo Net & First Aid Kit
- HomeLink Universal Garage Door Opener
- Pwr Folding Pwr Body Color Heated Mirrors w/Courtesy Lights
- 10-Way Pwr Driver Seat w/Pwr Lumbar
- ATTESA E-TS All-Wheel Drive w/Snow Mode
- Heated Front Bucket Seats w/Active Head Restraints
- 3.7L DOHC SMPI V6 Engine
- Leather Seat Trim
- 8-Way Pwr Passenger Seat
- Vehicle Speed-Sensitive Variable Pwr Rack & Pinion Steering
- Bluetooth Hands-Free Phone System -inc: Bluetooth Streaming Audio
- Dual Level Center Console w/12V Pwr Outlet, (2) Cup Holders
- 4-Wheel Pwr Vented Disc Brakes
- Rear Privacy Glass
- 
- Stainless Steel Rear Bumper Protector
- Stainless Steel Illuminated Kick Plates
- Dual-Stage Driver/Front Passenger Airbags w/Passenger Occupancy Sensor
- (4) Aux 12V Pwr Outlets
- Auto On/Off High Intensity Discharge (Hid) bi-Xenon Headlamps
- Integrated Front Fog Lights
- 60/40 Split Remote-Folding Reclining Rear Bench Seat
- Speed-Sensitive Variable Intermittent Front Wipers
- Bose Sound System -inc: AM/FM Stereo w/CD/MP3 Player, (9) Speakers, (2) subwoofers, Radio Data System (RDS), Speed-Sensitive Volume Control, Aux Audio Input Jack
- USB Connection Port w/Infiniti iPod Interface System
- Front Tow Hook
- P265/60VR18 All-Season Tires
- T175/90D18 Temporary Use Spare Tire
- Front/Rear Carpeted Floor Mats
- 18" x 8" Split 10-Spoke Silver-Painted Aluminum Alloy Wheels
- XM Satellite Radio

7-Speed Automatic Transmission w/OD -inc: Manual Shift Mode, Down Shift Rev-matching, Adaptive Shift Control (ASC)

- Vehicle Dynamic Control (VDC)
- Driver/Front Passenger Seat-Mounted Side-Impact Airbags
- Roof Mounted Front/Rear Curtain Side-Impact Airbags w/Rollover Sensor
- Auto-Dimming rearview Mirror w/Compass
- RearView Monitor
- Child Safety Rear Door Locks
- Tire Pressure Monitoring System
- Dual-Zone Auto Climate Control System
- Electric Rear Window Defroster w/Timer
- Dual Front Map Lights & Rear Reading Lights
- Manual Tilt/Telescoping Steering Wheel
- Leather-Wrapped Steering Wheel w/Cruise & Audio Controls
- Pwr Tilt/Sliding Tinted Glass Sunroof w/One-Touch Open/Close & Safety Reverse
- Vehicle Info System -inc: 7" LCD Screen w/Infiniti Controller, Trip Computer, Exterior Temp Display, Vehicle Maintenance Information
- Pwr Windows w/Front Auto up/Down & Safety Reverse
- Pwr Door Locks w/Selective Unlocking
- Intelligent Key System w/Remote Keyless Entry, Push Button Ignition
- Cruise Control
- Pwr Cargo Door Release w/Electric Closure Assist
- Vehicle Security System w/Vehicle Immobilizer
- Rear Seat HVAC Vents
- Dual Illuminated Visor Vanity Mirrors w/Sunshade Extensions
- 4-Wheel Anti-Lock Braking System (ABS)
- Electric Brake Force Distribution (EBD) w/Brake Assist
- Traction Control System (TCS)

VIN: JN8CS1MW8DM170265, Work Order: 1589331












JN8CS1MW8DM170265
MFD BY NISSAN MOTOR CO.,LTD.
DATE 06/12
GVWR/PNBV 5519 LBS.
GAWR/PNBE FR. 2622 LBS.
WITH P265/50R20 TIRES,
20X8J RIMS.AT 33 PSI
COLD SINGLE.
GAWR/PNBE RR. 2915 LBS.
WITH P265/50R20 TIRES,
20X8J RIMS.AT 33 PSI
COLD SINGLE.
THIS VEHICLE CONFORMS
TO ALL APPLICABLE FED-
ERAL MOTOR VEHICLE SA-
FETY AND THEFT PREVEN-
TION STANDARDS IN EFF-
ECT ON THE DATE OF MA-
NUFACTURE SHOWN ABOVE.
VIN: JN8CS1MW8DM170265
TYPE: MPV
COLOR TRIM TRANS
QAA G RE7R01A
AXLE ENGINE
RC36 VQ37(VHR) 3696CC



**EXHIBIT B**

# Manheim
## Vehicle Condition Grading Scale

| Grade | Body Defects | Previous Repairs | Parts | Interior | Frame | Powertrain | Acces. | Fluids | Tires |
|---|---|---|---|---|---|---|---|---|---|
| 5 Extra Clean | PDR Only | High Quality | Ok | No Damage | Ok (No Previous) | Ok | Ok | Full/Clean | Near New |
| 4 Clean | Minor Defects | High Quality | Minor Missing | Minimal Wear | Ok (No Previous) | Ok | Ok | May Need Service | Good |
| 3 Average | Some Repairs | Acceptable Quality | Missing Broken | Normal Wear | Ok (No Previous) | Ok | Minor Repairs | May Need Service | Average |
| 2 Below Average | Substantial Repairs | Substandard | Missing Broken | Worn, Burns, Cuts, Stains | Possible Previous Substandard Repair | Operable, Poor Condition | Some Inoperable | Low/Dirty | Worn |
| 1 Rough | Existing Collision Damage | Poor | Missing Broken | Worn, Burns, Cuts, Stains | Probable Damage | Runs Under Own Power | Many Inoperable | Low/Dirty | Worn |
| 0 Extra Rough | Scrap-Parts? | Poor | Missing Broken | Severe Damage | Bent | Inoperable | Inoperable | Low/Dirty | Flat |

Manheim Inspections

CONSISTENCY. ACCURACY. DELIVERED.

# MANHEIM

## VEHICLE CONDITION GRADING SCALE

**Grade 5, Extra Clean** – Vehicle is in excellent condition, with only minor defects in panel surfaces as noted in the condition information for each vehicle. The body panels require no conventional body or paint work, but may have had limited high quality repairs performed. There are no missing, broken, or damaged parts that require replacement. The interior compartment has no cuts, tears or burns that require repair and does not show signs of wear. The vehicle's frame/structure has not been repaired or altered, and is expected to measure to published specifications. Vehicle is mechanically sound and all accessories are operable. All fluid levels are full and clean; all tires will be near new or better.

**Grade 4, Clean** – A better than average unit with minor chips or scratches in panel surfaces as noted in the condition information for each vehicle. This vehicle may require minor conventional body and paint work or removal of small dents that have not broken the paint using Paintless Dent Repair. The body of the vehicle may have had high quality conventional repairs. A minor missing or broken part may require replacement as noted. The interior is clean and will show minimal wear. The vehicle may have sustained cosmetic or light collision damage and been repaired to collision industry standards. The frame/structure has not been damaged or repaired and is expected to measure to published specifications. Vehicle is mechanically sound, and all accessories are operable. Vehicle may need fluids serviced, or tires rotated. Only scheduled maintenance will be necessary. Tires will be good or better.

**Grade 3, Average** – The average vehicle will have normal wear and tear (for example, parking lot dings, small scratches, chips and/or minor broken parts). It may require some conventional body and paint work or replacement or parts as noted in the condition information for each vehicle. The interior will show signs of normal wear and usage, requiring repair or replacement of parts as noted. Prior repairs may have been performed on this vehicle at an acceptable quality level. The vehicle may have sustained cosmetic or light collision damage and been repaired to collision industry standards. The frame/structure has not been damaged or repaired and is expected to measure to published specifications. Vehicle is mechanically sound, but may require maintenance or minor repair accessories. The fluid level may be low or require replacement. Tires will be average or better.

**Grade 2, Below Average** – Vehicle shows signs of abnormal wear and tear. The body has dents, scratches, and body panels that may require replacement as noted in the condition information for each vehicle. Broken and missing parts are to be expected. The interior shows signs of excess wear with burns, cuts or tears, and non-removable stains as noted. This vehicle may have multiple prior repairs performed at substandard levels, which may include repaired or unrepaired collision and/or frame/structure damage. The frame/structure is not expected to measure to published specifications. Vehicle may have mechanical damage that prohibits vehicle from operating properly. Repairs can be made, but engine and/or transmission may be in poor condition. Operability of accessories is questionable. Fluids are low or require replacement. Worn tires are to be expected.

**Grade 1, Rough** – This vehicle has been severely abused or has sustained major collision damage, but may be drivable. It is cost prohibitive to extensively recondition this vehicle by automotive industry standards. The frame/structure is not expected to measure to published specifications. Although operable, this vehicle is near the end of its useful life. Operability of accessories is doubtful.

**Grade 0, Extra Rough** – Vehicle is inoperative. Unit is good for parts only. Mechanical and body parts may be inoperable, disconnected, damage or missing.