**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **Donaldson Twyman**<br><br>**Plaintiff**<br><br>**vs.**<br><br>**S & M Auto Brokers,**<br><br>**Defendants.** | **16 cv 4182**<br><br>**Hon. Virginia Kendall** |

# REPLY TO RESPONSE OF DONALD SZCZESNIAK TO DEFENDANTS MOTION FOR SANCTIONS <u>REGARDING DEFENDANTS EXPERT DONALD SZCZESNIAK</u>

NOW COMES the Defendant S&M Auto Brokers, Inc., by and through their Attorney Joel A. Brodsky and as his Reply to Donald Szczesniak's Response To Defendants Motion For Sanctions, states as follows:

1. We certainly are aware of the Court's admonition against "vitriolic" filings, and in this case it has been admittedly difficult for Defendant to bite his tongue when he knows how his client is faced with a case which is just a complete fabrication. There is a point, however, where polite advocacy gives way, and a person just has to call a spade a spade, (or 'call a fig a fig' as Plutarch expressed it). As Defendant did further investigation into Donald Szczesniak[1], who authored the report that Plaintiffs entire case is based on, that point was crossed.

[1] We spoke to attorneys who defended cases Szezesniak brought, to people he sued for unpaid "expert witness fees" of a few hundred dollars, and to people who sued him for selling them junk cars. We also looked at the numerous lawsuits he has filed as a plaintiff (he is an extremely litigious person), and those filed against him, as well as run a background check which disclosed a misdemeanor conviction relating to the illegal operation of a used car sales business and NSF checks written on his used car business account.

Szczesniak's sensitivity to an attack on his reputation is feigned. This certainly is not the first time he has been called out for what he is. The facts lead to one conclusion, no matter how much he may not like it. Facts are a stubborn thing.

2. First, it is curious that Szezesniak and his attorney call Ms. Diane Weinberger a "disgruntled former litigant". Perhaps Szezesniak forgot, (and his attorney did not check), but Ms. Weinberger won the lawsuit that Szezesniak brought against her. (**Exhibit "A"**) How winning makes her a disgruntled former litigant is beyond us. It does, however, make Szezesniak a disgruntled former litigant, and that is a motive for him to come out to and damage Ms. Weinbergers property when he found out that she not only beat him in court, but was coming to stop him fro[2]m making money as an expert by fabricating a report, just as he did in her case.

3. Next Szezesniak and his attorney state that Ms. Wienberger, who he says has "thrust herself into this dispute", has a "well documented vendetta against" Szezesniak. However, Szezesniak provides no documents to substantiate this "well documented" vendetta. (What is well documented when there are no documents?) Nor does Szezesniak say how Ms. Weinberger thrust herself into this litigation. Such unfounded accusations do not bolster Mr. Szezesniak's position. Where is the vendetta, and where is the proof that Weinberger, and elderly retiree form Dwight Illinois wanted to thrust herself into this case to dash Szezesniak budding career as a paid expert (or at least an expert who gets more than $300 a case)? There is none and so that accusation by Szezesniak and his attorney can be disregarded.

4. Then Mr. Szezesniak go on to state that Ms. Wienberger made "new" accusations

---

[2] If by disgruntled, Szezesniak means the lawsuit in which Weinberger was the Plaintiff and he was the $300 expert, he also forgot that that case was settled. Once again this is no reason for animus by Weinberger toward Szezesniak.

in 2012 that Szezesniak kicked her car, scratched her car with a tool, pulled out wires, and ripped off the license plate, and cites to the docket in this case, No. 102-1 (i.e. Defendants Reply In Support of its Motion *In Limine*, Dkt. #108). Forgetting for the moment that an accusation made in 2012, or even April, 2014 (the date of the letter), is hardly new, it seems that Szezesniak and his attorney did not actually read Dkt. No. 102-1, (which is Exhibit A to the Defendants Motion *In Limine*,) because nowhere in this letter does Ms. Weinberger say that Szezesniak kicked her car, scratched her car with a tool, pulled out wires, and ripped off the license plate. Making references to the record that are not actually supported by the record, does not hurt Ms. Weinberger's credibility nor enhance Szezesniak's.

5. Then Szezesniak and his attorney opine that because the Dwight Illinois police did not arrest Szezesniak for damaging Ms. Weinbergers fence, they "knew what they were dealing with". They further state that because the police were not summoned before Szezesniak could leave the scene, the event must not have taken place. Both these assumptions are without basis, and are therefore meaningless. However, letters that Ms. Weinberger wrote to Szezesniak and her attorney Mr. Hutul in March 2013, and to the ARDC in February 2014, show what Szezesniak is all about. (**Exhibit "B"**) Unless there is evidence that Ms. Weinberger had the ability to see into the future and know that she would need these letters in five (5) years so that she could continue a vendetta against Szezesniak, these letters are convincing evidence that the allegations in the motion for sanctions against Donald Szezesniak are consistent with his history of using intimidation and false accusations as part of his routine practice. (Fed. R. Evd. 406)

6. Next Szezesniak and his attorney point to his affidavit and those of his family members to support his credibility. He says that because they are detailed they must be true. However, issues of credibility are not resolved by affidavits, but by testimony subject to cross-

examination, and a detailed fabrication is still flase. However, this would not be the first time that Szezesniak has presented detailed, but false, affidavits to a court. In the case of *Donald Szczesniak and Lombard Car Company v. Protection Plus, et al*, *11 L 7049*, [3] in the Circuit Court of Cook County Szczesniak obtained a default judgment against a Dr. Ronald Carlson, who was a resident of Hawaii. When Dr. Carlson obtained an attorney who moved to vacate the judgment based on a lack of long arm jurisdiction, Szczesniak submitted an affidavit in opposition. (**Exhibit "C"**). In that affidavit Szczesniak described a series of meetings with Dr. Carlson in Illinois in 2004, in which a Mr. Frank Viana was also present. He described the meeting in such detail as to even describe the material the shirt that Dr. Carlson was supposedly wearing was made of. The problem was, however, that Dr. Carlson had left Illinois in 1965, and Frank Viana confirmed that no meeting between Szczesniak had ever took place. (**Exhibits "D" and "E"**) Dr. Carlson did not even own the type of shirt that Szczesniak described in his affidavit.

7. Not being dissuaded in the least, Mr. Szczesniak went on to file an "Addendum To The Second Amended Complaint – Amended Count V" in the aforesaid Szczesniak v. Protection case. (**Exhibit "F"**) In paragraph twenty seven (27) of the said "Addendum", Szczesniak makes specific reference to Dr. Ronald Carlson's brother, Stanley Carlson. The problem is that Dr. Ronald Carlson never had a brother. (**Exhibit "G"**) Mr. Szczesniak fabricated Dr. Carlson's brother in an affidavit filed in court.

8. Then there is the witness intimidation in the *Szczesniak v. Protection* id, case, which again goes to show that this behavior is Szczesniak routine practice. Even though Szczesniak knew that Dr. Carlson and Frank Viana were represented by attorney, Alisa Levin, Mr. Szczesniak called Dr. Carlson and left a voice mail in which he said that if Dr. Carlson

---

[3] Interestingly, Szezesniak's current attorney represented him in the Szczesniak v. Protection Plus case

would testify against Frank Viana so that Szczesniak "could relieve Frank of a lot of money", then he would stop pursuing Dr. Carlson in the default judgment. (**Exhibit "H" – See Exhibit C to Exhibit "H"**) This attempt by Szczesniak to coerce one party to testify against the other with promises about relief from a default judgment if he would help Szczesniak "relieve" the other party of a lot of money, is reprehensible conduct. Lawsuits are methods of resolving disputes, not for relieving people of their money for profit. (Dr. Carlson did not need any judgment relief as the default judgment against him was successfully vacated as there was no long arm jurisdiction.)

9. Interestingly, in the *Donald Szczesniak and Lombard Car Company v. Protection Plus, et al*, *11 L 7049*, case the complaint alleges that Szczesniak sold cars he bought at auction to people along with a warranty plan through Protection Plus. It also alleges that a great many of the cars he sold needed warranty work, and Szczesniak alleged that Protection Plus didn't provide any coverage. What this means is that Szczesniak has admittedly sold many lemon cars to people (why else would they need warranty work), which is exactly what he is now accusing the Defendant of doing. This is the pot calling the kettle black.

10. As to Szczesniak's credibility the following is very telling. He has a history of filing false documents in court proceedings besides the instant case and the Szczesniak v. Protection case. In the case of *Szczesniak v. Lombard Auto Wrecker*, 13 AR 742 in DuPage County (**Exhibit "I"**), it was uncovered that Szczesniak submitted as an exhibit a car title with a forged signature on it. (See Exhibit "E" to Exhibit "I") The case was dismissed right after the fact that a signature on the title was forged was disclosed.

11. A review of the entire motion and attached documents and affidavits that constitute **Exhibit "I"**, shows that Mr. Szczesniak sold defective used cars and passed NSF

checks as part of his business practice, and that, relevant for the instant motion for sanctions, that when someone acts in a way Szczesniak deems to be against him, such as by repossessing the car purchased he with an NSF check, he files baseless litigation against them supported by false allegations and altered documents.

12. This retaliation against anyone who crosses him is Szczesniak's routine practice, and this supports the instant motion that he retaliated against Diane Weinberger for providing Defendants information that impeached his credibility. The six (6) cases Szczesniak filed as Plaintiff in the US District Court for the Northern District of Illinois (15cv4849, 15cv9401, 15cv2490, 14cv7331, 15cv5273, 14cv7189) over a one (1) year period, were six (6) Fair Debt Collection Act cases against six (6) credit agencies and collection law firms who reported and tried to collect debts on credit card debts Szezesniak defaulted on. (How dare they report that Szeczesniak defaulted on his credit cards!) The lawsuits were all full of hyperbole, calling the debt collectors "scavengers" and "junk debt buyers". One (1) case was dismissed and the other five (5) were settled for nominal amounts in the area of one thousand dollars ($1000), and some fees for Szezeniak's attorneys. Szczesniak resented that these agencies would expose him as someone who didn't pay his debts, even if it was true, and so he sued. The cases were without merit, but he banked on the fact that rather than pay their attorneys to fight these cases, the defendants would rather pay him a nominal amount money, and he was mostly right. This is relevant to the instant motion because it shows that when somebody exposes Szezesniak, even with the truth, his routine practice is to retaliate.

13. Such is the case of the fax to Defendants attorney Joel Brodsky. On October 12, 2016, in its Objection To Plaintiffs Motion For Leave To File Corrected Declaration of Donald Szezesniak (Dkt. 62), Defendant's attorney revealed that he had hat Mr. Brodsky had run a

Lexis-Nexis database search regarding Mr. Szczesniak, that revealed that Mr. Szczesniak had a 2004 criminal charge in DuPage County, (2004 CM 4722), Illinois, for failure to keep the required records in the operation of one of his used car businesses, (**Exhibit "J"**). [4] Then the very next day Mr. Brodsky receives an anonymous fax which talks about people being prosecuted for doing unauthorized criminal background checks. Is this an extremely unlikely coincidence as Szczesniak would have us believe, or was it an act in conformity with Szezesniak's normal routine of intimidating and taking action against anyone who dares to do anything that is against his interests? Who else would send such an anonymous fax to Defendants attorney on the very next day after the disclosure of Szezesniak's criminal background in court filings? The text messages Szczesniak attaches to his response to show he was elsewhere at the time the fax was sent are not convincing. They only give one side of a text message conversation, allegedly from Szczesniak's mother and wife, with nothing in the texts which show who the other side was. (Dkt. No's. 137-1, 137-4) These text messages show nothing regarding where Mr. Szczesniak was when the anonymous fax was sent. Similarly the doctors letter Szczesniak provides (Dkt. 137-1), does only says when Ruthann Szczesniak was seen, and does not indicate anything about Mr. Szczesniak's whereabouts. The "alibi" exhibits of Mr. Szezesniak prove nothing and are meaningless.

14. Mr. Szczesniak does not confine giving inaccurate information to the circuit and district courts. He has also committed this violation at the appellate level. In the case of ***Szczesniak v. CJC Auto Parts, 2014 IL App (2d) 130636***, concerned Mr. Szczesniak arrest for buying auto parts with NSF checks. Szezesniak was acquitted (he had made payments on his

[4] The search also disclosed that Szczesniak has had twenty-two (22) judgments entered against him in the last sixteen (16) years, totaling approximately $79,174. Most of these judgments arise out of cases involving lawsuits against Mr. Szczesniak and several automobile repair businesses, and had two (2) Federal Tax Liens totally over $28,248.

credit account which he said were also payments on the NSF checks), and thereafter he filed a lawsuit for malicious prosecution, which was also dismissed. Szczesniak appealed the dismissal of his malicious prosecution case. In affirming the dismissal the Appellate Court stated:

> "Before addressing the merits of the appeal, we first choose to discuss plainitff's brief and it multiple violations of Supreme Court Rule 341. Rule 341 requires the appellant to include a Statement of Facts outlining the pertinent facts "accurately and fairly without argument or comment, and with the appropriate reference to the pages of the record on appeal. **Plaintiff has violated this rule by providing inaccurate facts** (1), being argumentative, and failing to provide citations to the record for numerous factual assertions." ***Szczesniak v. CJC Auto Parts, 2014 IL App (2d) 130636*** (emphasis added)
> (1)In a footnote to this paragraph, the Appellate Court states, "One example is the mischaracterization of Verzal's statement to the police. **Plaintiff attempts to portray Verzal as having denied receiving payments for any of Plaintiffs debts, but Verzal actually denied receiving payments for only the debt from the returned checks**." ***Szczesniak v. CJC Auto Parts,*** id., (emphasis added)

15. The case of, ***Szczesniak v. CJC Auto Parts*** id., is relevant in the instant motion because it confirms Szczesniak's routine practice of retaliating against anyone who acts against his interest, and fabricating facts in lawsuits against those people.[5]

16. Then there is Mr. Szczesniak's dismissal of the inaccurate facts in his declaration attached Plaintiffs Response to Defendants Motion for Sanctions (Dkt. 137-1. paragraphs 13, 14, 15, and 16, as well as exhibits C, D, and E), as "unartful pro se pleading". In the aforesaid sworn declaration Szczesniak states that agreed to prepare and expert report for Diane Weinberger for $400, but that because his testimony would not be needed, he reduced the bill to $300, and that left a zero balance on the account. However, in the Defendants reply to this document, Defendant attached a copy of the complaint in the lawsuit that Mr. Donald Szczesniak filed

[5] The attorney for Ms. Szezesniak in the *Szczesniak v. CJC Auto Parts* id. case was Mr. William Hutul, who knows and works with the instant Plaintiffs' attorney Peter Lubin in fee shifting consumer fraud cases. (See *Williams v. Viking Dodge*, 05 C 5281. (N.D. Ill. Apr. 26, 2006)) Also, this Mr. Hutul is the same attorney that represented Ms. Diane Weinberger, and who hired Mr. Szczesniak to be an automobile expert in her case.

against Ms. Dianne Weinberger in Case No. 2014 SC 788, in DuPage County, Illinois. (**Exhibit "K"**) The Court can take judicial notice of this filing. In this complaint Szczesniak stated under oath that: "Defendant agreed to pay Plaintiff Szczesniak the sum of $852.52 to serve as an expert witness and consultant in a trial in which Dianne Weinberger was a Plaintiff…". To just lightly dismiss the fact that there are two (2) starkly different sworn statements regarding the same set of facts as "unartful pleading", shows a complete lack of respect for a verification under oath. It is the same as saying when faced with irrefutable facts, "just ignore those". What these differing statements do is support the credibility of Ms. Diane Weinberger who said in her letters back in 2013 that Mr. Szczesniak was dishonest because he agreed to one price, and when he provided a fraudulent report she did not want to work with him on her case, he then in retaliation tried to extort more money out of her through a false lawsuit.

17. Finally, there is the fact that the CV that Szezesniak provided with his expert report is inaccurate and does not provide full disclosure. In the CV (**Exhibit "L"**) Szezesniak gives Lombard Car Company as his own company, and Limousine Emporium as an employer for a reference. However, he does not disclose that Lombard Car Company has been sued for selling defective cars and for fraud (2004SC001563 and 2005SC000188 in DuPage County); or that Szczesniak was sued for ripping off his employer Limousine Emporium and agreed to pay them $6000 in damages (2004 AR 302 in DuPage County). (**Exhibits "M" and "N"**) If someone submitted a CV like that to an employer with Lombard Car Company and Limousine Emporium as positive references, and the employer later found out the full facts, the employee would be fired on the spot. How much worse to submit such an inaccurate CV in support of a sworn declaration submitted to a court upon which a part is asking for a judgment to be entered. Just like the employee, Mr. Szczesniak should also be terminated.

18. Defendants attorney does not like this situation any more than the court does, but what is to be done when faced with these facts. If Szczesniak was his expert, knowing what we know, Defendant would be terminating him immediately, withdrawing the motions based on his report, and asking for a continuance in order to get a new expert opinion, (saying that we had no idea of these problems). This is what proper professional conduct would require. However, that is not what is happening. Perhaps these sanction proceedings are really more in the nature of a *motion in limine* to bar Szczesniak from testifying to a jury because his testimony is not reliable. That is for the court to decide. But because the Plaintiff is choosing to ignore all of the matters brought forth about Szczesniak , Defendant cannot stand by and wait to see if Szczesniak can fool a jury. And in reference to the current motion, Defendant cannot stand by and let Szczesniak continue in his normal routine practice of intimidation and retaliation against one of his witnesses and his attorney. Defendant has no other option to put this to the Court, and ask for the proper remedy, which would be to enter the sanction of barring Szczesniak from testifying, striking his declarations, and granting the Plaintiff the additional time he needs to get a substitute expert opinion.

WHEREFORE, Defendants pray that this Court enter an Order barring Donald Szczesniak from testifying as an expert in this case, striking his declarations filed in this case, and for such other relief as the Court finds necessary.

Respectfully submitted,

/s/ Joel A. Brodsky
Attorney for Defendants

Joel A. Brodsky
Attorney for Defendant
8 S. Michigan Ave., Suite 3200
Chicago IL 60603
(312) 541-7000
jbrodsky@joelbrodskylaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that the following statements set forth in this instrument are true and correct: that I caused to be served the above and foregoing Defendants Response To Donald Szczesniak Motion For Leave to File Response via the U.S. District Court's Electronic Filing System to all parties of record on the 27th day of March, 2017 before 5:00 p.m.

Defendants

By: /s/ Joel A. Brodsky
Their Attorney

**Joel A. Brodsky**
Attorney for Defendants
8 S. Michigan Ave.
Suite 3200
Chicago Illinois 60603
(312) 541-7000
jbrodsky@joelbrodskylaw.com