UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD TWYMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:16-cv-04182 |
| S & M AUTO BROKERS, INC. et al., | ) ) Honorable Virginia Kendall |
| Defendants. | ) ) |
| JOEL A. BRODSKY, | ) ) ) |
| Respondent-Appellant. | ) |

## APPELLANT'S DOCKETING STATEMENT

Joel A. Brodsky, former counsel for Defendant S & M Auto Brokers, Inc. in the above named case, by and through his attorneys, Gordon Rees Scully Mansukhani, LLP, submits this Docketing Statement pursuant to Circuit Rule 3 of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit, and with respect to his Notice of Appeal from the District Court's March 28, 2018 Opinion and Order imposing sanctions against him.

### 1. District Court Jurisdiction

Plaintiff brought this action against Defendants alleging violations of the Federal Odometer Act. Complaint (D.E. 1). The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. Complaint (D.E. 1).

The individual defendants were dismissed on December 2, 2016. December 2, 2016 Order (D.E. 82). On June 1, 2017, the remaining defendant, S & M Autobrokers, Inc., settled the underlying action with Plaintiff. June 1, 2017 Order (D.E. 202). Prior to settling, Plaintiff moved for sanctions against S & M Autobrokers, Inc. and its then-defense counsel Mr. Brodsky.

Plaintiff's Motion for Rule 11 Sanctions (D.E. 194). The District Court retained jurisdiction over Plaintiff's Motion for Rule 11 Sanctions. June 1, 2017 Order (D.E. 202). On August 23, 2017, The parties and counsel resolved the remaining issues in the action, including Plaintiff's Motion for Rule 11 Sanctions. August 25, 2017 Order (D.E. 223).

On March 28, 2018, the District Court entered its Memorandum Opinion and Order (hereinafter referred to as the "Order") imposing against Mr. Brodsky "the following sanctions: 1) Brodsky shall pay a fine of $50,000 to the Clerk of the Court; 2) Brodsky shall attend an ethics course approved by the Attorney Registration and Disciplinary Commission and provide the Court with verification of completion of the course; 3) Brodsky shall attend an anger management course and provide the Court with verification of the successful completion of the course; and 4) the Court shall refer Brodsky to the Executive Committee for consideration of being barred or suspended from practicing in the Northern District of Illinois for his failure to abide by Court rules." Order (D.E. 224).

## 2. **Appellate Jurisdiction**

The Order imposing sanctions against Joel A. Brodsky, a non-party attorney, is a final order appealable pursuant to 28 U.S.C. § 1291 under the collateral order doctrine. *See In re Ronco, Inc.*, 838 F.2d 212, at n.1 (7th Cir. 1988) (determining that an order imposing sanctions "…in a specified amount… against the non-party…is an appealable collateral order pursuant to 28 U.S.C. § 1291… [because the] order conclusively determined the question of sanctions, which is an 'important issue completely separate from the merits of the action,' and is 'effectively unreviewable on appeal from a final judgment'") (internal citations omitted). The Order meets the following requirements of the collateral order doctrine: "finality, separability

from the merits of the underlying action, and practical unreviewability on appeal from a final judgment." *See* Cir. R. 28(a)(3)(ii).

The nature and amount of the sanction entered against Mr. Brodsky was specified and final, as it was a conclusive determination of the monetary sanctions imposed against Mr. Brodsky. *Compare Frazier v. Cast*, 771 F.2d 259, 262 (7th Cir. 1985) (finding a finite assessment of monetary sanctions is a conclusive determination) *with* Order (D.E. 224) (imposing a fine against Mr. Brodsky in the amount of $50,000 payable to the Clerk of the United States District Court for the Northern District of Illinois, in addition to other sanctions). The Order was also separate from the merits of the underlying action. Undoubtedly, the imposition of sanctions for purported attorney misconduct is separate from the merits of the underlying action here, arising under the Federal Odometer Act. *See* Order (D.E. 224) (while the underlying action arises from claims under the Federal Odometer Act, the Order imposes sanctions for professional misconduct unrelated to those claims). Finally, and most importantly for purposes of the collateral order doctrine, the sanctions here are imposed against a non-party who would not be able to appeal from a final judgment. *See Frazier,* at 262 (determining sanctions order against non-party is a final order for purposes of 28 U.S.C. § 1291 based in part on the "important factor" of the sanctioned person's non-party status). The Order is reviewable under the collateral order doctrine.

Mr. Brodsky's Notice of Appeal was filed with the District Court Clerk on April 16, 2018. Under F. R. App. P. 4(a)(1)(A), the notice of appeal must be filed within 30 days after entry of the order appealed from. Mr. Brodsky's Notice of Appeal complied with this timing requirement.

3

3. **Prior or Related Appellate Proceedings**

    There are no prior or related appellate proceedings.

Dated: April 16, 2018                                            Respectfully submitted,

Ryan T. Brown                                                  By: /s/ Ryan T. Brown
Brian M. Roth                                                          Attorney for Joel A. Brodsky
Gordon Rees Scully Mansukhani, LLP
One North Franklin Street
Suite 800
Chicago, Illinois 60606
(312) 565-1400
rtbrown@grsm.com
broth@grsm.com
*Attorneys for Joel A. Brodsky*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DONALD TWYMAN, </br></br> Plaintiff, </br></br> v. </br></br> S & M AUTO BROKERS, INC. et al., </br></br> Defendants. </br></br> JOEL A. BRODSKY, </br></br> Respondent-Appellant. | Case No. 1:16-cv-04182 </br></br> Honorable Virginia Kendall |

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 16, 2018, my office electronically the foregoing Docketing Statement using the CM/ECF system, which will send notification of such filing to all attorneys of record.

Dated: April 16, 2018            Respectfully submitted,

Ryan T. Brown                   By: /s/ Ryan T. Brown
Brian M. Roth                            Attorney for Joel A. Brodsky
Gordon Rees Scully Mansukhani, LLP
One North Franklin Street
Suite 800
Chicago, Illinois 60606
(312) 565-1400
rtbrown@grsm.com
broth@grsm.com
*Attorneys for Joel A. Brodsky*