UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD TWYMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:16-cv-04182 |
| S & M AUTO BROKERS, INC. et al., | ) ) Honorable Virginia M. Kendall |
| Defendants. | ) ) |

**MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR JOEL ALAN BRODSKY FILED BY RYAN T. BROWN AND BRIAN M. ROTH**

Ryan T. Brown and Brian M. Roth hereby respectfully submit the following Motion to Withdraw as Counsel of Record for Joel Alan Brodsky in accordance with Northern District of Illinois Local Rule 83-17.

**I.  INTRODUCTION**

The national law firm of Gordon Rees Scully Mansukhani, LLP ("GRSM"), through Ryan T. Brown and Brian M. Roth, was retained to represent Joel Alan Brodsky ("Brodsky") by his professional liability carrier in the above-referenced matter in May 2017. GRSM, through Brown, also represented Brodsky before the United States Court of Appeals for the Seventh Circuit (Case No. 18-1811), the Executive Committee for the United States District Court for the Northern District of Illinois in relation Citation No. 18D10, and the Illinois Attorney Registration and Disciplinary Commission ("ARDC") in relation an investigation (opened in 2017) and eventual complaint filed against Brodsky on August 21, 2018 as Commission No. 2018PR00064.

As explained below, there has been an irreconcilable breakdown in the attorney-client relationship, culminating in Brodsky filing a civil complaint against Brown and GRSM in the Circuit Court of Cook County, Case No. 2019L001570, on February 13, 2019.

## II.  ABBRIEVATED PROCEDURAL HISTORY / BACKGROUND

1. On April 8, 2016, Plaintiff Donaldson Twyman brought the underlying action against Defendants. (Doc. 1).

2. As early as August 2016, the District Court reprimanded counsel for the parties for "battling unprofessionally" in relation to discovery. (*See* August 25, 2016 Minute Entry, Doc. 35).

3. On April 12, 2017, this District Court held a hearing to address the conduct of counsel in the case, focusing on certain filings, comments and conduct by Brodsky. (*See* Transcript of April 12, 2017 Hearing, Doc. 165).

4. In an April 12, 2017 Minute Entry issued subsequent to the hearing, the Court invited Plaintiff's counsel and counsel for Plaintiff's expert to respond to certain allegations made by Brodsky in filings in and on the record, and to file motions addressing any sanctions warranted against Brodsky in relation to filings, comments, and/or conduct in the litigation. (*See* April 12, 2017 Minute Entry, Doc. 164).

5. On or about May 8, 2017, GRSM was retained by Brodsky's professional liability carrier to serve as his ethics counsel in relation to the potential consequences (including sanctions) for improper, inappropriate and/or unprofessional filings, comments, and conduct in the litigation.

6. On May 12, 2017, at Brodsky's request, Joseph Lopez filed an appearance on behalf of Brodsky. (Doc. 180).

7. On May 18, 2017, Ryan T. Brown and Brian M. Roth filed appearances on behalf of Brodsky. (Docs. 188, 189).

8. On May 31, 2017, the District Court held a hearing on certain outstanding motions. During the hearing, the District Court acknowledged Brodsky's efforts to deescalate and mitigate, but confirmed its intention to hold an evidentiary hearing regarding the conduct of counsel (with a focus on Brodsky). (*See* May 31, 2017 Minute Entry, Doc. 200; Transcript of the May 31, 2017 Hearing, Doc. 216). At the conclusion of the hearing, in consultation with the Court, and through agreement by the parties and counsel, the District Court scheduled a settlement conference for the following day, June 1, 2017. (Id.)

9. On June 1, 2017, Defendant S&M Auto Brokers, Inc. settled the underlying action with Plaintiff Twyman, while leaving open the issue of statutory attorneys' fees and costs. In the subsequent Minute Entry confirming the settlement, the District Court retained jurisdiction over the issue of sanctions. (*See* June 2, 2017 Order, Doc. 202).

10. On July 7, 2017, the District Court held a hearing addressing the pending motions for sanctions as well as the District Court's inherent power to sanction attorneys for misconduct. (*See* Transcript of the July 7, 2017 Hearing, Doc. 217). Brown and Lopez represented Brodsky's interests at the hearing, and Brodsky personally apologized to the Court, Plaintiff's counsel, and Plaintiff's expert. (*Id.*)

11. On August 23, 2017, the parties, Brodsky, and their counsel resolved all remaining issues in the underlying litigation, including the pending motions for sanctions and the issue of Plaintiff's attorneys' fees and costs. The Court subsequently issued a Minute Entry confirming the conclusion of the litigation. (*See* August 25, 2017 Minute Entry, Doc. 223).

12. On March 28, 2018, Judge Virginia M. Kendall entered an Opinion and Order imposing the following sanctions against Joel A. Brodsky based upon the District Court's inherent power:

> Brodsky shall pay a fine of $50,000.00 to the Clerk of the Court;
>
> Brodsky shall attend an ethics courts approved by the Attorney Registration and Disciplinary Commission and provide the Court with verification of completion of the course;
>
> Brodsky shall attend an anger management course and provide the court with verification of the successful completion of the course; and
>
> the Court shall refer Brodsky to the Executive Committee for consideration of being barred or suspending from practicing in the Northern District of Illinois for his failure to abide by Court rules.

(*See* March 28, 2018 Memorandum Opinion and Order, Doc. 224, p. 15).

13. On April 12, 2018, the Executive Committee for the United States District Court for the Northern District of Illinois issued Citation No. 18D10 to Brodsky.[1]

14. On April 16, 2018, Brodsky filed a Notice of Appeal with the United States Court of Appeals for the Seventh Circuit. (Doc. 225).

15. On April 24, 2018, Brodsky filed a Motion to Waive the Supersedeas Bond and to Stay the Anger Management Course Requirement. (Doc. 232).

16. On May 9, 2018, the District Court issued a Minute Entry agreeing to waive the supersedeas bond but denying a stay in the requirement that Brodsky attend an anger management class. (Doc. 239).

17. On July 6, 2018, Appellant's Brief was filed with Seventh Circuit Court of Appeals. (Document No. 14 in Case No. 18-1811).

---

[1] In or about June 2018, the Executive Committee took the matter (Citation No. 18D10) under advisement and stayed it for further consideration at a later meeting.

4

18. On September 10, 2018, Amicus Curaie appointed by defend this Court's March 28, 2018 Opinion and Order filed its response brief. (Document No. 18 in Case No. 18-1811).

19. On October 24, 2018, Appellant's reply brief was filed. (Document No. 30 in Case No. 18-1811).

20. On November 7, 2018, oral argument was held before Circuit Judges Ilana Diamond Rovner, Diane S. Sykes, and Amy C. Barrett. (An audio recording of the oral argument can be found at: https://uscircuitcourts.wordpress.com/2018/11/07/7th-circuit-oral-argument-in-case-18-1811/).

21. On January 18, 2019, a Nonprecedential Disposition *per curiam* was filed affirming Judge Kendall's March 28, 2018 Order. (Doc. 34 of Case No. 18-1811). Concurrently, on January 18, 2019, a Final Judgment was filed. (Doc. 35 in Case No. 18-1811).

22. On January 18, 2019, following the issuance of the Nonprecedntial Disposition and Final Judgment by the Seventh Circuit Court of Appeals, Brodsky made certain comments/allegations to Brown that created a conflict of interest, requiring GRSM to terminate the representation.

23. On January 22, 2019, GRSM expressly advised Brodsky of the termination of the engagement, and Brown concurrently filed a motion to withdraw as counsel for Brodsky before the ARDC.

24. On January 23, 2019, Brodsky stated publicly that he had "fired" Brown and GRSM for "gross ineffective assistance, and a failure to provide a minimally competent defense" in article published by the Chicago Daily Law Bulletin.

25. On January 28, 2019, Brodsky in *pro se* capacity filed a Petition for Rehearing with the U.S. Court of Appeals for the Seventh Circuit, arguing that rehearing was necessary given ineffective representation of counsel. (Document No. 38 in Case No. 18-1811).

26. On February 11, 2019, the Seventh Circuit Court of Appeals denied Brodsky's Petition for Rehearing. (Document No. 39 in Case No. 18-1811).

27. On February 13, 2019, Brodsky filed civil complaint against Brown and GRSM in the Circuit Court of Cook County, Case No. 2019L001570. (A true and correct copy of the civil complaint is attached hereto as Exhibit A.)

28. In the complaint, Brodsky alleges in part, "That but for the aforesaid breaches of duty by Defendant Ryan Brown the Plaintiff Joel A. Brodsky would not have been sanctioned by [sic] Judge Kendall of the U.S. District Court in the Twyman lawsuit." (Ex. A, Compl., ¶ 10.)

29. On February 14, 2019, Brodsky filed the following documents in the *Twyman* litigation:

- an appearance on behalf of himself (Doc. 244);
- a Motion to Vacate the March 28, 2018 Sanctions Order (Doc. 245); and
- a Motion for Recusal (Doc. 247).

The aforementioned motions have been noticed for March 4, 2019. (Docs. 246, 248).

30. On February 19, 2019, the Mandate was issued by the Seventh Circuit Court of Appeals. (Document No. 40 in Case No. 18-1811).

31. On February 19, 2019, the Mandate (Doc. 249), Order Denying the Petition for Rehearing (Doc. 250), Certified Copy of the USCA Judgment (Doc. 251), and Nonprecedential Disposition (Doc. 252) were entered by the District Court.

### III. LOCAL RULE 83.16 / BASIS FOR WITHDRAWAL

"An attorney who has filed an appearance form pursuant to LR83.16 is the attorney of record for the party represented for all purposes incident to the proceeding in which the appearance was filed. The attorney of record may not withdraw…without first obtaining leave of court..." LR 83.16.

Messrs. Brown and Roth bring this motion to withdraw given that Brodsky's recently filed motions are scheduled to be heard on March 4, 2019. As evidenced by the civil complaint filed by Brodsky against Brown and GRSM as well as the Motion to Vacate (Doc. 245), the relationship between Brodsky and GRSM has become untenable, making it impossible for GRSM, Brown or Roth to effectively represent Brodsky.

GRSM has advised Brodsky of the intention of Brown and Roth to withdraw as counsel in this matter, Brodsky has publicly stated that he has fired Brown as his counsel, Brodsky has filed a *pro se* appearance in this case (Doc. 244), and Joseph Lopez has an appearance on file (Doc. 180). Accordingly, sufficient grounds exist to permit withdrawal under LR83.16 and Rules of Professional Conduct 1.16(b)(5), (6) & (7).

### IV. CONCLUSION

For the foregoing reasons, Ryan T. Brown and Brian M. Roth of Gordon Rees Scully Mansukhani LLP respectfully request that this Honorable Court enter an order permitting them to withdraw as counsel of record for Joel Alan Brodsky.

Dated: February 26, 2019                Respectfully submitted,

                                        s/ Ryan T. Brown
                                          Ryan T. Brown

                                        s/ Brian M. Roth
                                          Brian M. Roth

Ryan T. Brown
Brian M. Roth
Gordon Rees Scully Mansukhani LLC
One North Franklin, Suite 800
Chicago, Illinois 60606
312-565-1400
rtbrown@grsm.com
broth@grsm.com