# **<u>EXHIBIT A</u>**

FILED
2/13/2019 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L001570

FILED DATE: 2/13/2019 12:00 AM   2019L001570

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Joel A. Brodsky
_____
(Name all parties)

v.

Ryan Brown and and Gordon Rees
_____

Case No. _____

☑ SUMMONS   ☐ ALIAS SUMMONS

Ryan T. Brown
Gordon Rees Scully
One N. Franklin #800
Chicago IL 60606

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

**Summons - Alias Summons**                              (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first
create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm
to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://
www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

2/13/2019 12:00 AM DOROTHY BROWN

Atty. No.: 50564                          Witness: _____

Atty Name: Joel A. Brodsky

Atty. for: Plaintiff                      _____

Address: 8 S. Michigan Ave., Suite 3200   DOROTHY BROWN, Clerk of Court

City: Chicago                             Date of Service: _____

State: IL   Zip: 60603                    (To be inserted by officer on copy left with
                                          Defendant or other person):
Telephone: 312-541-7000

Primary Email: jbrodsky@joelbrodskylaw.com

FILED DATE: 2/13/2019 12:00 AM 2019L001570

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

### Daley Center Divisions/Departments

- Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

**12-Person Jury**

FILED
2/13/2019 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L001570

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - LAW DIVISION**

| | | |
|---|---|---|
| Joel A. Brodsky | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **and** | ) | No. |
| | ) | |
| Ryan T. Brown and Gordon Rees Scully | ) | |
| Mansukhani, LLP | ) | |
| | ) | |
| **Respondent** | ) | |

## COMPLAINT FOR LEGAL MALPRACTICE

Now comes the Plaintiff, **Joel A. Brodsky**, and complains of the Defendants **Ryan T. Brown** and the law firm of **Gordon Rees Scully Mansukhani, LLP,** as follows:

1. Plaintiff Joel A. Brodsky (hereinafter "Plaintiff" or "Brodsky") is an individual who has his residence and domicile in Chicago, Cook County, Illinois.

2. Defendant Ryan T. Brown , (hereinafter "Defendant" or "Brown"), is an individual who is licensed to practice law in the State of Illinois, and who is a partner in the law firm of Gordon Rees Scully Mansukhani, LLP and who's place of business is at One N. Franklin St, Suite 800, Chicago, Cook County, Illinois.

3. Defendant Gordon Rees Scully Mansukhani, LLP, (hereinafter "Gordon Rees") is a law firm who has a place of business at who's place of business is at One N. Franklin St, Suite 800, Chicago, Cook County, Illinois.

4. On or about May 8, 2017, Brodsky retained and entered into an attorney-client relationship with Brown and Gordon Rees to represent him in relation to threatened sanctions being assessed against him in the case of Donaldson Twyman v. S&M Auto Brokers, Inc., 16 cv 4182, in the United States District Court for the Northern District of Illinois. (hereinafter the "Twyman lawsuit")

5. Subsequent to May 8, 2017, Brodsky informed Brown, and showed him substantial

FILED DATE: 2/13/2019 12:00 AM 2019L001570

FILED DATE: 2/13/2019 12:00 AM   2019L001570

evidence, (a) that everything Brodsky had filed in the Twyman lawsuit was supported by documentary evidence, and (b) showed him evidence that Attorney Peter Lubin had filed previous cases which where his client had not been harmed but where he still demanded hundreds of thousands of dollars in damages, and (c) showed him evidence that Donald Szczesniak was not a true expert witness and that his purported curriculum vitae contained questionable references, and that he actually made his living by various schemes, many of which involved the legal system. Despite this Brown advised Brodsky to withdraw from the case, withdraw any pleadings that Lubin or Szczesniak stated were objectionable, try to settle the Lubin and Szczesniak claims, and for all intents and purposes act like he was guilty of wrongdoing when he was not.

6.   On June 30, 2017, Judge Virginal Kendall, who was the judge hearing the Twyman lawsuit, entered an Order setting a "sanctions hearing" for July 6, 2017.  The order did not specify what issues would be heard nor did it specify what sanctionable behavior Brodsky had been engaged in.

7.  On July 6, 2017, Judge Kendall held a sanctions hearing.  Prior to his hearing Brown did not know what the nature of the hearing would be, did not know what Brodsky was being accused of doing relative to the sanctions hearing, and did not discuss with Brodsky if he would like to testify, or what his testimony would be.  Also, prior to this hearing Brown had in his possession hundreds of pages of documents which would have shown that Brodsky's statements in the pleadings filed in the Twyman lawsuit were supported by substantial evidence.

8.  On July 6, 2017, and at all other times before and subsequent thereto, and after during his representation of Brodsky, the Defendant Brown owed a duty to Brodsky, the Plaintiff in the above entitled case, (a) to properly prepare for sanctions hearing, (b) to gather evidence in support of Brodsky's actions in the Twyman lawsuit , (c)  to conduct discovery to find out what evidence existed against Brodsky and what the allegations against him consisted of, (d)  to file all necessary pre-trial motions, (e) to find out what wrongful conduct Brodsky was charged with and what the

FILED DATE: 2/13/2019 12:00 AM   2019L001570

nature of the sanctions hearing would be, (f) to locate and compel witnesses in favor of Brodsky to be present at the hearing, (g) to prepare exhibits for introduction into evidence and have witnesses in court to lay the proper foundation for the introduction of the exhibits, (h) to properly and timely disclose the identity of witnesses and other evidence to the opposing party in discovery so that the evidence is not barred from the hearing, (i) to take the depositions of the Peter Lubin, Donald Szczesniak, and any other witness disclosed in discovery, (j) to issue interrogatories, request to produce documents, and request to produce documents, (k) to subpoena witnesses who support Brodsky's case (l) to conduct legal research on cases which would provide a legal basis for either objections to evidence, or in support of evidence he wished to submit, (m) to obtain expert witnesses on the issue of whether anything Brodsky did was sanctionable, (n) to file motions *in limine* to prevent the introduction of irrelevant and immaterial evidence (o) prepare to cross-examine and then cross-examine witnesses who testified against Brodsky (q) not knowingly making misrepresentations to the 7th Circuit Court of Appeals that Brodsky had access to property in Europe or that he had taken an online anger management course (r) not employ a felon who had convictions for felony theft and misdemeanor possession of a fictitious ID card to work on Brodsky's case, (s) not to allow the injuries suffered by Brown or his daughter's illness prevent him from devoting the required amount of time and attention necessary to properly represent Brodsky at the sanctions hearing, make objections, present evidence, make motions, or otherwise fail to be mentally present during the trial, (t) to act all times the duty to act in a manner consistent with the standard of care of a reasonably competent attorney in the State of Illinois.

9. That Defendant Ryan Brown breached his aforesaid duties to Brodsky by:

(a) advising Brodsky to engage in a course of conduct designed to make him look guilty of wrongdoing when he was not guilty of wrongdoing;

(b) Failing to gather evidence in support of Brodsky's actions in the Twyman lawsuit

(c) Failing to conduct discovery, issue interrogatories, request for production of documents, request to admit facts, and take depositions of witnesses;

-3-

FILED DATE: 2/13/2019 12:00 AM    2019L001570

(d) Failing to file all necessary pre-trial motions;

(e) Failing to find out what wrongful conduct Brodsky was charged with and what the nature of the sanctions hearing would be;

(f) Failing to locate and compel witnesses in favor of Brodsky to be present at the hearing to testify,

(g) Prevented Brodsky from testifying at the sanction hearing without any valid reason, when such testimony would have been extremely positive and helpful to Brodsky.  This made Brodsky look guilty in to the district court and the appellate court.

(h) Failing to prepare exhibits for introduction into evidence, and have witnesses in court to lay the proper foundation for the introduction of the exhibits;

(i) Failing to introduce any exhibits into evidence to support Brodsky's case at the sanctions haering;

(j) Failing to properly and timely disclose the identity of witnesses and other evidence to the opposing party in discovery so that the evidence is not barred from the hearing,

(k) Failing to take the depositions of the Peter Lubin, Donald Szczesniak, and any other witness who would have been disclosed in discovery if discovery had been conducted,

(l) Failing to issue interrogatories, request to produce documents, and request to produce documents,

(m) Failing to subpoena witnesses who support Brodsky's case;

(n) Failing to conduct legal research on cases which would provide a legal basis for either objections to evidence, or in support of evidence he wished to submit,

(o) Failing to obtain expert witnesses on the issue of whether anything Brodsky did was sanctionable,

(p) Failing to file motions *in limine* to prevent the introduction of irrelevant and immaterial evidence

(q) Failing prepare to cross-examine and then cross-examine witnesses who testified against Brodsky

(r) knowingly making misrepresentations to the 7th Circuit Court of Appeals that Brodsky had access to property in Europe or that he had taken an online anger management course;

(s) employing a felon who had convictions for felony theft and misdemeanor possession of a fictitious ID card as Brown secretary to work on Brodsky's case,

(t)  not to allowing the injuries suffered by Brown or his daughter's illness prevent him from

FILED DATE: 2/13/2019 12:00 AM    2019L001570

devoting the required amount of time and attention necessary to properly represent Brodsky at the sanctions hearing, make objections, present evidence, make motions, or otherwise fail to be mentally present during the trial, and

(u) to act all times the duty to act in a manner consistent with the standard of care of a reasonably competent attorney in the State of Illinois.

10. That but for the aforesaid breaches of duty by Defendant Ryan Brown the Plaintiff Joel A. Brodsky would not have been sanctioned by the Judge Kendall of the U.S. District Court in the Twyman lawsuit.

11. Because of, and as a proximate result of, the aforesaid multiple breaches of duty by Attorney Ryan Brown, on March 28, 2018, after a sanctions hearing in the Twyman case in which Brodsky was for all intents and purposes undefended, a sanctions Order was entered against Brodsky which contained finding of facts detrimental to Brodsky which were completely untrue, and which imposed a sanction of $50,000, which Brodsky is unable to pay. This sanction order and would not have been made if Brown had not engaged in his aforesaid negligent conduct,

12. As a direct and proximate result of the entry of the aforesaid sanctions order on March 28, 2018, which was entered as a direct and proximate result of Brown's aforesaid multiple negligent actions, the Illinois Attorney Registration and Disciplinary Commission ("ARDC") initiated a disciplinary action against Brodsky, which required and will continue to require Brodsky to expend sums of money for an attorney who will actually defend him.

13. Further, because of media attention of the aforesaid sanctions order on March 28, 2018, which was entered as a direct and proximate result of Brown's aforesaid multiple negligent actions, Brodsky has lost substantial income.

14. That as a direct and proximate result of the aforesaid multiple breaches of duty by Defendant Attorney Ryan Brown, the Plaintiff Brodsky was damaged, and in the future will be damaged, in an amount in excess of $500,000, which may be as high in the millions of dollars depending upon the result of the ARDC matter and the March 28, 2018 Order's effect on the

FILED DATE: 2/13/2019 12:00 AM   2019L001570

hearing.

15. At all times relevant hereto Brown was acting within the scope and course of his employment at, and within his partnership of, Gordon Rees.

16. Further, Gordon Rees breached its duty to Brodsky by allowing Brown to act as Brodsky's attorney while knowing that Brown was unable to devote the required time and attention to the matter because of his

WHEREFORE, the Plaintiff **Joel A. Brodsky** prays that this Court enter judgment in favor of the Plaintiff **Joel A. Brodsky** and against the Defendants **Ryan T. Brown** and the law firm of **Gordon Rees Scully Mansukhani, LLP** in excess of **$50,000.00**, and that the Plaintiff be further awarded his costs, execution to issue.

Respectfully submitted
Plaintiff Joel A. Brodsky

By: _____
Joel A. Brodsky

**Joel A. Brodsky**
Attorney at Law
8 S. Michigan Ave.
Suite 3200
Chicago Illinois 60603
(312) 541-7000
jbrodsky@joelbrodskylaw.com
Atty # 50564