IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TWYMAN, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No. 16 C 4182 ) |
| S & M AUTO BROKERS, INC., | ) Judge Joan H. Lefkow ) |
|     Defendant. | ) |

## ORDER

The motion by Joel Brodsky for writ of error *coram nobis* (dkt. 261) is denied. See Statement.

## STATEMENT

Joel Brodsky, who represented S & M Auto Brokers in this litigation, was ordered to pay a fine of $50,000 as a sanction for misconduct before the court. (Dkt. 224.) The sanction was affirmed on appeal. (Dkt. 252.) Brodsky returned to this court seeking to vacate the sanctions order because his counsel was ineffective, which the court denied for lack of jurisdiction. (Dkt. 255.) He now brings a writ of error *coram nobis* to require this court to review its judgment because he was not provided constitutional protections afforded to individuals subject to sanctions that are criminal in nature, including procedural due process and effective assistance of counsel.[1]

The nature and scope of the writ of error *coram nobis* is succinctly explained in *United States* v. *Bush*, 888 F.2d 1145 (7th Cir. 1989). Federal courts may entertain a request for the writ under the All Writs Act. *Id.* at 1146 (citing *United States* v. *Morgan*, 346 U.S. 502 (1954)). In short, a writ of error *coram nobis* permits a court to review of its own judgment under narrow circumstances. "Contemporary *coram nobis* matters only after custody expires, making it appropriate to limit the writ to errors 'of the most fundamental character.'" *Id.* at 1147. It applies only in criminal cases (Federal Rule of Civil Procedure 60(e) abolishes the writ for civil cases) and "should issue only when the petitioner suffers an ongoing legal disability, presents questions that could not have been resolved at the time of the conviction, and, if pressing a strictly legal question about the adequacy of the charges, establishes that the indictment does not state an offense. *Id.* at 1146; *see also United States* v. *Sloan*, 505 F.3d 685, 697 (7th Cir. 2007) ("To the extent that the writ of *coram nobis* retains vitality in criminal proceedings, such relief is limited to (1) errors "of the most fundamental character" that render the proceeding invalid,

---

[1] The case was reassigned to the undersigned judge after the recusal of the judge who imposed the sanctions. (*See* dkt. 259.)

(2) situations where there are sound reasons for the failure to seek earlier relief, and (3) instances when the defendant continues to suffer from his conviction even though he is out of custody.")

Unfortunately for Mr. Brodsky, his argument must fail. He has already fully litigated his procedural due process claims, which the Seventh Circuit rejected. *Twyman* v. *S&M Auto Brokers*, No. 18-1811 (7th Cir. Jan. 18, 2019) (slip op. at 1–2 n.1). And even if he were denied effective assistance of counsel at his sanctions hearing,[2] and that were a fundamental error, *see United States* v. *Delhorno*, 915 F.3d 449, 453–54 (7th Cir. 2019) (implying that ineffective assistance could qualify as a fundamental error under *coram nobis* doctrine), and there were sound reasons for not seeking earlier relief,[3] Brodsky could not prove an ongoing disability. As explained in *Bush*, "A fine at the time of conviction is not a 'civil disability,' and the reputational injury from conviction also does not suffice—civil judgments, too, cause loss of money and reputation, and to treat effects common to all litigation as civil disabilities would be to eliminate the custody requirement without leaving anything in its stead." 888 F.2d at 1148; *Sloan*, 505 F.3d at 697–98 (7th Cir. 2007) (holding defendant cannot use *coram nobis* to challenge restitution award). Because Brodsky is in no worse position than any civil litigant facing a money judgment, he cannot use the extraordinary remedy of *coram nobis* to disturb his final judgment. *United States* v. *Keane*, 852 F.2d 199, 204 (7th Cir. 1988).

Date: March 29, 2019

_____
U.S. District Judge Joan H. Lefkow

---

[2] A dubious proposition, given his three lawyers at the sanctions hearing, one of whom is known to this court as a seasoned criminal defense attorney.

[3] Also dubious, as he raised ineffective assistance of counsel in his petition for rehearing in the Seventh Circuit, which was denied. *See* Pet. for Reh'g, Doc. 38 at 7–11, *Twyman* v. *S&M Auto Brokers, Inc.*, No. 18-1811 (7th Cir.).